McClurg v. Dollarhide.

———o———

Jos. W. McClurg, Defendant in Error *vs.* Wm. Dollarhide, Plaintiff in Error.

1. *County Court—Execution and sale of lands made during vacation of Circuit Court.*—Under an execution issued from the County Court on a judgment of the County Court given for the principal and interest of a school debt under the statute of 1855, (see R. C. 1855 p. 14 25, §§ 27, 29 and 30) a sale of land made during a session of the County Court, but while the Circuit Court was not in session, would be void either in a direct or a collateral proceeding.

*Error to Hickory Circuit Court.*

*F. P. Wright,* for Plaintiff in Error.

I. The law is well settled that where, by a regular judgment and execution, the sheriff is invested with the power to sell, any irregularity in selling on a day different from that directed by law for selling, and even without the proper notice, does not affect the title of a *bona fide* purchaser. It is sufficient for the purchaser that the sheriff had *authority* to sell, and did sell, and executed a deed; all other questions are between the parties to the judgment and the officer. (Draper vs. Bryson, 17 Mo., 86 ; Lawrence vs. Speed, 2 Bibb., 401 ; Webber & Stith vs. Cox, 6 Monroe, 110 ; Hobein vs. Murphy, 20 Mo., 448 ; Newton vs. State Bank, 14 Ark., 1· 15 ; Brooks vs. Rooney, 11 Georg., 423 ; Sullivan vs. Hearnden, Ib., 294.)

II. It is a principle of universal law, that every court of record has power to carry into effect its own judgments. It

McClurg v Dollarhide.

directs the execution to issue, and has the sole control over the same. Sessions of the County Court are held every three months, while those of the Circuit Court were then held only once in six months; and it might be difficult to procure a valid sale at the session of the Circuit Court. Hence for obvious reasons, it is important that the sale should take place at the court which has control of judgment, execution and sale, and unless the law clearly and expressly directs and requires the sale to be made at a session of the Circuit Court, and clearly prohibits such sale at the County Court, a sale at the latter place is proper.

III. The reasoning of Judge Ewing, in the case of Blanchard vs. Baker, 29 Mo., 446, in which the regularity of a sale made by the Marshal at the Western Court of Common Pleas, was considered and decided, applies with all its force to this case, and is decisive in favor of the sale at the County Court.

The correctness of that decision has never been doubted.

The case of Mers. vs. Bell, is not in conflict with but rather sustains the above decision.

*Young, McAfee & Phelps*, for Defendant in Error.

I. The deed offered in evidence, shows that the proceeding; under which the sale was made, was instituted under section 28 of Chap. 143, R. C. 1855. Under this section suits may be brought for the collection of interest and principal of such bonds, in any court of competent jurisdiction. The 29th section of said act provides that if the interest and principal of such bond does not exceed five hundred dollars, the same may be recovered in the County Court having charge of the fund.

II. The two last mentioned sections are the only sections in said act that authorize or provide for the collection of the interest and principal of the school fund, and neither of them authorize or empower the sheriff to sell real estate at the sitting of the County Court; but provide that judgment may be rendered against the defendant with like effect as judgment of the Circuit Court in any civil action, which of course would require the sale to take place during the sitting of the Circuit Court.

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for land situated in Hickory County. Both parties claimed title under Alfred and W. D. Foster.

The plaintiff rested his case on a Sheriff's deed.

The defendant then offered a Sheriff's deed for the same premises, made under an execution issued from the County Court upon a judgment of the County Court, given for the principal and interest of a School debt under the statute of 1855, which was excluded because the sale appeared to have been made at the County Court and in vacation of the Circuit Court. The exclusion of this deed is the only point raised by this record.

Whilst it is the duty of the courts to protect purchasers at Sheriff's sales, it is also their duty to see that no injustice is done to the parties to the execution. We know of no provisions in our statutes authorizing a sale to be made of a debtor's land, under an execution like this, during the session of the County Court, and whilst the Circuit Court is not sitting. This execution was issued on a judgment of the County Court, recovered under section 29, Revised Laws of Missouri 1855, page 1425, by which such judgment is to have like effect as a judgment of a Circuit Court. Section 30, same page, provides for the foreclosure of a Mortgage, before the County Court, and provides that a copy of the order, foreclosing the Mortgage, shall have the same effect as a *fieri fazias* on a judgment of foreclosure in the Circuit Courts, and shall be proceeded on accordingly by the Sheriff. Section 27, on same page, provides for the recovery of interest on School debts, by issuing a warrant in the nature of a *fieri facias*, a judgment of a Circuit Court, except that such warrant shall be returnable in thirty days from its date, and except also, that such Sheriff shall have power to sell during the sitting of the County Courts, &c.

These provisions taken together, clearly show that the only execution under which a Sheriff can sell lands during the sessions of a County Court, is the one in the nature of a *fi. fa.*, issued under section 27.

The other executions, authorized to be issued from the County Court, have the force and effect and must be proceeded on in like manner, as executions issued by the Circuit Court. It is so well known that lands cannot be sold on executions except during the sessions of the Circuit Court, that a notice to sell at a County Court would be wholly disregarded, and a sale under such notice might be ruinous to all parties for want of bidders. If a Sheriff can disregard the plain provisions of the statute, by selling at a County Court, he might do so when no Court at all is in session, or at a place where Court is never held.

In my judgment, it is essential to the validity of a Sheriff's sale that the law in this respect should be pursued; and if it be violated the sale and deed are void whether the question is raised in a direct or a collateral proceeding; see Merchants Bank of St. Louis, et al., vs. Byrd Evans, et al., Mo. ante p. 335.

It is urged here that the plaintiff did not prove that the defendant was in possession, withholding the premises at the commencement of the suit. But the bill of exceptions does not present this point, as it no where appears that the evidence contained in the bill was all the evidence given. In the absence of anything to the contrary, we must presume that the judgment of the Circuit Court is right.

Judgment affirmed.   Judge Sherwood not sitting.   The other Judges concur.