GRANT, *Appellant*, v. HUSTON.

DIVISION ONE.

1. **School-Fund Loan:** BOND : MORTGAGE. The fact that a bond for the loan of school moneys purports to be made to the county for the use of a designated school section of land, instead of being made to the county for the use of the township to which the fund belonged, does not impair the validity of the bond or the mortgage given to secure it.

2. —— : MORTGAGE : SALE UNDER. A sale by a sheriff under an order of the county court foreclosing a school-fund mortgage need not be made during a term of court, where, by the terms of the mortgage prescribing the time and place of the sale, it is not so required.

*Appeal from Vernon Circuit Court.*— HON. D. P. STRATTON, Judge.

AFFIRMED.

T. J. Meyers for appellant.

(1) The mortgage from V. O. Grant to Vernon county is void, and did not pass the legal title to the land therein described. The county had no power to hold land in trust for section 16, township 34, range 31, there being no such person or corporation. *Douthitt v: Stinson*, 63 Mo. 268; *Wheeler v. Smith*, 9 How. 55. (2) The sheriff's deed to Thomas J. Morris is void on its face, was not entitled to record, and the record thereof is not admissible in evidence for any purpose. *Wilcoxon v. Osborn*, 77 Mo. 621; *McClurg v. Dollarhide*, 51 Mo. 347. (3) The debt must be paid before a purchaser at a void mortgagee's or trustee's sale is entitled to be subrogated to the rights of the mortgagee under the mortgage. *Wells v. Lincoln Co.*, 80 Mo. 424; *Honaker v. Shough*, 55 Mo. 472. And Taylor's testimony that no money was paid in consideration of the deed to Morris repels any presumption in favor of payment, and Hunter's testimony that he afterward paid off the Grant mortgage is incompetent, and should have been excluded by the court, as this fact (if it is a fact) should be shown by the records of the county court of which Hunter was clerk at the time; besides Hunter's testimony that he was Grant's security on the note to the county is contradicted by the record; his name nowhere appears in the record of the Grant mortgage as a security for Grant. (4) The finding should have been in favor of the plaintiff on the question of the adverse possession of defendant; the testimony is clear that from and prior to the time Denman sold the lot to Lamberson, October 27, 1878, to the time Freeman took possession of it in the spring of 1880 the lot was uninclosed and unoccupied in any way, and instruction, numbered 1, as prayed by the plaintiff should have been given by the court. *Turner v. Hall*, 60 Mo. 275.

*M. T. January* for respondent.

(1) Appellant's abstract of the record does not comply with the requirements of the rules of this court, nor with the statute; that is to say, the motion for new trial is not set out, and hence this court is not apprised of the exact questions passed on by the lower court. Consolidated rules 15 and 16, Sup. Ct. Mo. (2) The mortgage from V. O. Grant to Vernon county was properly admitted in evidence. Plaintiff, as assignee of V. O. Grant, was estopped to deny its validity, conceding it to be invalid. (3) The sheriff's deed to Morris foreclosing the mortgage was properly admitted in evidence. The record of the deed was not objected to on the ground that the original was not shown to be lost, but because "the record thereof was inadmissible for any purpose." That Taylor actually executed the deed is testified to by himself. (4) Defendant claiming under the foreclosure of the Grant mortgage through mesne conveyances is subrogated to the rights of Vernon county, and can plead the mortgage as a defense to ejectment. *Russell v. Whitely*, 59 Mo. 196; *Jones v. Mack*, 53 Mo. 147; *Jackson v. Magruder*, 51 Mo. 55. (5) Appellant asked only one instruction which was refused, to-wit, that relating to the statute of limitations, and does not preserve the evidence on this question. The other questions involved were not presented in the form of instructions, and this court cannot tell on what theory the trial court acted.

BLACK, J. —This is ejectment for a parcel of land in Hall's addition to Nevada. The plaintiff's title is a deed to him from V. O. Grant, dated the fourteenth of March, 1859.

The defendant put in evidence the following deeds: *First*. A mortgage from V. O. Grant and wife to Vernon county, dated the eighteenth of May,

1858, and recorded the twenty-ninth of October, 1858, conveying twenty acres of land of which the land in suit is a part; *second*, a deed signed by the sheriff of that county, dated the twenty-sixth of March, 1860, purporting to have been made in execution of the power of sale contained in the mortgage, conveying the twenty acres to Thomas J. Morris; *third*, sundry other deeds vesting all the title which Morris acquired in the defendant. The circuit court found the issues for the defendant, and plaintiff appealed.

1. Plaintiff objected to the mortgage as evidence, on the ground that it was void because Vernon county had no power to hold lands in trust for section 16, there being no such a person or corporation, which objection was overruled, and this ruling presents the first question.

The mortgage conveys the land to Vernon county by appropriate words to secure the payment of a bond executed by Grant to the county for the payment of $600, "for the use of section 16, township 34, range 31, west," payable in one year with ten-per-cent. interest. That this mortgage was given to secure the payment of school funds borrowed by Grant is too clear to admit of doubt; so that the objection resolves itself into this: The bond was made to the county for the use of a designated school section of land, when it should have been made to the county for the use of the township to which the fund belonged. This error in describing the particular fund loaned does not in the least affect the validity of the bond or deed of trust. The county is the custodian of these school funds, and it is made the duty of the county courts to loan such funds and to take mortgages upon lands as security. The case of *Douthitt v. Stinson*, 63 Mo. 268, cited by the appellant, has no application to the case in hand. It was held in that case, that a deed which professed to convey land to a corporation which had no existence was void and passed no title. But here the county is the grantee in the mortgage and

payee of the bond. It had the right to take the bond and mortgage as security for school moneys loaned, and the fact that there is no correct description of the fund from which the loan was made is a matter of which Grant and those claiming under him cannot complain. The mortgage is good, both at law and in equity, and the objection was properly overruled.

2. The plaintiff also objected to the sheriff's deed on the ground that there was no court in session at the time of the sale. The mortgage provides that, in case of default in the payment of the bond, the sheriff of the county may, without suit, sell the land to the highest bidder for cash at the courthouse door in said county, after giving twenty days' notice of the time, terms and place of sale by handbills, or advertisement in some newspaper published in said county ; and it is also provided that the deed shall be as effectual as if made by virtue of a judgment of a court of competent jurisdiction. The debt not having been paid, the county court by its order made in February, 1860, directed the sheriff to sell the property, and he sold the same pursuant to the terms of the mortgage.

It is agreed there was no court in session at the date of the sale. Where the county court by virtue of section 30, page 1425, Revised Statutes, 1855, orders the sheriff to sell the mortgaged premises, he should make the sale during a session of the circuit court, and it has been held that a sale not thus made under such an order is void. *McClurg v. Dollarhide*, 51 Mo. 347 ; *Wilcoxon v. Osborn*, 77 Mo. 622–632. These cases ars cited by the plaintiff as authority for the contention that the sale made by the sheriff in this case is void ; but in our opinion they do not sustain the proposition. Section 22 of the last-named statute provides what recitals and conditions these mortgages given to secure school funds shall contain, and among others they must contain a provision that in case of default the sheriff of the county may sell the mortgaged property, but the mortgage need

not say where the sale shall be made or what notice shall be given, for all that is provided for by the subsequent sections of the statute.

In this case the mortgage contains stipulations not required by the statute. Thus it provides for a sale at the courthouse door, after giving notice of the time, terms and place of sale for twenty days, in either of the two specified methods. It is, therefore, more than a statutory school-fund mortgage. In short, it provides for all the details of a sale, and is a good common-law mortgage with power of sale. In *Mann v. Best*, 62 Mo. 490, the mortgage authorized the county to appoint an agent for the purpose of selling the land after giving a specified notice, and was not a statutory mortgage; but it was held, a sale made in compliance with the powers contained in the instrument would be valid. The statute was held to be directory only. As the mortgage in the present case provided for the place of sale and all the terms thereof, a sale made pursuant to its provisions should be upheld. It is a good common-law mortgage with power of sale, and may be enforced as such. The order of the county court directing the sale is no more than a demand upon the sheriff that he proceed to execute the powers specified in the mortgage. The fact that the sale was not made during the sitting of any court is, therefore, immaterial; for the sale was made under the stipulations of the parties as set forth in the mortgage, and not under the provisions of the statute, and the mortgage contemplates a sale at the courthouse door at any time after giving the specified notice. The defendant, therefore, has a good title, and it is unnecessary to examine the questions suggested in the brief, based upon the theory that there was no valid foreclosure of the mortgage.

The judgment is affirmed. All concur.