WALTERS v. SENF *et al.*, *Appellants*.

Division One, May 8, 1893.

1. **County Court**: ROAD AND CANAL FUND: MORTGAGE. The county court in making a loan of a part of the road and canal fund has authority to secure payment by taking a mortgage with power of sale, and in case of default may cause the power of sale to be exercised.

2. ————: GRANT OF POWER. A grant of power construed to include a grant of such incidental powers as may be necessary to make the principal grant effective.

3. ————: ————. An order of the county court, *held* not invalidated because accompanied with other directions in excess of its authority.

4. ————: SECURITY: RELEASE. Where a county court, composed of several members, has control of a particular fund, a release of part of the security for a loan from that fund cannot be validly made by one of the judges or the country treasurer without any return by the court.

5. **Ejectment**: EQUITABLE DEFENSE. In ejectment an equitable defense interposed by the answer discussed and *held* to present no equity.

6. **Custom**: POWER OF OFFICERS. Proof of custom is not permissible to enlarge the powers of officers whose authority is defined by statute.

*Appeal from Howard Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

DEFENDANTS appeal from a judgment for plaintiff in ejectment.

The "equitable defense," referred to in the opinion, is thus stated in the answer:

"That on September 27, 1880, one A. M. Fielding borrowed of Howard county the sum of $600, for which he gave his bond, and giving to the county a mortgage to secure said debt on lot 3 or 13 in Fugate's addition to the city of Fayette, and also on lots 1 and 2 or 14

and 15, Fugate's addition to the city of Fayette, and out lot 29. That this defendant as treasurer of Howard county had in his custody and under his control and possession the said bond executed by said A. M. Fielding. That upon the payment by said Fielding of $50 of the principal of said bond, December 19, 1882, he, as treasurer of Howard county, released on the margin of the record in which said mortgage to the county was recorded, said lot 15 and eighty-two and one-third feet off the south end of lot number 29, and afterward, to-wit, on the twentieth of March, 1884, H. A. Norris, as presiding judge of the Howard county court, upon the payment to him of $100 of the principal of said bond by said Fielding, released upon the margin of the record the balance of the out lot number 29. That in the month of March, 1884, this defendant bought of A. M. Fielding the land in controversy, and said Fielding made him a deed to the same, all of which facts are, and were matters of record at the time of plaintiff's pretended purchase of the land in controversy.

"Defendant for further answer, and for further defense states, that plaintiff ought not to be permitted to say that on the fourteenth day of June, A. D., 1888, she was entitled to possession of the premises sued for, and that the defendant entered into and wrongfully withholds from plaintiff the possession thereof to her damage in the sum of $100, because this defendant says plaintiff was fully advised that the land in controversy had been released from the mortgage given the county, and that at the time and on the day said county mortgage of said Fielding was closed out, and the property sold by the sheriff, this defendant publicly announced that this property was released, and that the purchaser would only get lots 1 and 2, or 13 and 14, and that prior to the day of sale the plaintiff had a conversation

with said Fielding, the mortgagor, with reference to the purchase of his property that was mortgaged to the county, and well understood from him that he only owned 1 and 2 or 13 and 14, and that the other property had been released and was not covered by the mortgage. Defendant states that he is in the lawful possession of the land described in plaintiff's petition, claiming the title thereto under good and sufficient deed of conveyance thereof, and now having fully answered, asks that he be discharged with his costs," etc.

The other facts appear in the opinion of the court.

*Samuel C. Major* for appellant.

(1) The court erred in, first, not hearing evidence in support of defendant's equitable defense. *Allen v. Logan*, 96 Mo. 591; *Ledbetter v. Ledbetter*, 88 Mo. 60. (2) The court erred in admitting in evidence the record of the county court showing the foreclosure of the mortgage, and the order of sale made by the Howard county court. Said foreclosure and order of sale were absolutely null and void, no such authority being conferred upon the county court by statute. County courts can exercise only such jurisdiction as is especially conferred by statute. *State ex rel. v. Harris*, 96 Mo. 29; *State ex rel. v. Hopkins*, 87 Mo. 524; *State ex rel. v. Shortridge*, 56 Mo. 126; *Jefferson County v. Cowan*, 54 Mo. 234. (3) The court erred in admitting in evidence the sheriff's deed made under said foreclosure to the plaintiff. *Henaker v. Shough*, 55 Mo. 472; *Jones v. Mack*, 53 Mo. 147. (4) It is the settled law of this state, that an equitable title well pleaded is a good defense to an action of ejectment based on the legal or paper title. *Tibeau v. Tibeau*, 19 Mo. 78; *Carman v. Johnson*, 20 Mo. 108; *Hayden v. Stewart*, 27 Mo. 286;

*Harris v. Vinyard,* 42 Mo. 568; *Johnson v. Houston,* 47 Mo. 227; *Ellis v. Railroad,* 51 Mo. 200; *Barker v. Cicle,* 60 Mo. 258; *Collins v. Rogers,* 63 Mo. 515; *Sebree v. Patterson,* 92 Mo. 457; *Allen v. Logan,* 96 Mo. 591; *Powell v. Adams,* 98 Mo. 598; *Benne v. Schnecko,* 100 Mo. 250; *McElroy v. Maxwell,* 101 Mo. 294. And it is equally the settled law of this state, that where one has the equitable title to land, and another obtains the legal or paper title with knowledge of such equitable title, the former has the superior equity. *Pike v. Martindale,* 91 Mo. 268; *Widdicombe v. Childers,* 84 Mo. 382; *Sensenderfer v. Kemp,* 83 Mo. 581; *Martin v. Jones,* 72 Mo. 23; *Barksdale v. Brooks,* 70 Mo. 197; *Nesbit v. Neill,* 67 Mo. 275.

*William M. Williams, P. S. Rader* and *T. S. Dines* for respondent.

(1) The court below properly held that the marginal entries, purporting to release the property in controversy from the lien of the mortgage, were absolute nullities. A release entered by one having no authority, is void. The county court alone was authorized to lend the "Road and Canal Fund," and the statute enjoined upon that court to take care "in every instance to require good and ample security." The county treasurer had no right to determine that a part of the security taken by the county court could be safely released, nor had the presiding judge of the county court any such power. 2 Revised Statutes, 1889, secs. 7778, 7782; *Knox Co. v. Goggin,* 105 Mo. 182; *Joerdans v. Shrimp,* 77 Mo. 383; *Lakenan v. Robards,* 9 Mo. App. 179. (2) The circuit court rightly ruled, that a custom upon the part of the county officers to enter such satisfaction would not bind the county, and would not validate their action in making the releases in contro-

versy. Such a custom could not prevail over the law. *Knox Co. v. Goggin*, 105 Mo. 182. (3) The trial court also properly held, that the action of the county court could only be shown by its record. *Maupin v. Franklin Co.*, 67 Mo. 327; *City of Kansas v. Railroad*, 81 Mo. 285; *Johnson Co. v. Wood*, 84 Mo. 489. (4) If the releases were void, then the notice given at the sheriff's sale was immaterial and rightfully excluded. In fact it was wholly immaterial in any event. *Lee v. Clark*, 89 Mo. 553; *Hagerman v. Sutton*, 91 Mo. 519. (5) The above questions, in regard to the validity of the releases were the only matters submitted to and decided by the trial court. The defendant cannot in this court be permitted to change his position and raise questions not passed upon by the court below. *Walker v. Owen*, 79 Mo. 563; *Bank v. Armstrong*, 62 Mo. 59; *Whetstone v. Shaw*, 70 Mo. 575; *Agricultural Ass'n v. Delano*, 37 Mo. App. 284; *Mfg. Co. v. Mfg. Co.*, 100 Mo. 325. (6) The statute did not prescribe the form of the mortgage. Any instrument therefore properly conveying the land as security for the debt was sufficient. The county court, by express provision of the statute, had power to loan the money. Revised Statutes, 1889, sec. 7782, p. 1810. A mortgage good at common law and containing a power of sale by the mortgagee or agent, is valid. *Mann v. Best*, 62 Mo. 491. (7) The mortgage conferred the power upon the acting sheriff of Howard county to sell the property upon default in the payment of the debt. The parties agreed that the sheriff might sell upon default in the payment of the debt, and this was the only condition necessary to the sale. 2 Jones on Mortgages, secs. 1778, 1779; *Woods v. Augustine*, 61 Mo. 46; *McKnight v. Wimer*, 38 Mo. 132.

BARCLAY, J.—This is an action of ejectment for certain land in the city of Fayette, Missouri. The peti-

Walters v. Senf.

tion is in the usual form; the answer, a general denial, with an "equitable defense," which is fully shown in the statement introductory to the report of the case. The new matter was denied by plaintiff's reply. The cause was tried by the court. The substantial defendant is Mr. Fisher. His co-defendant, Mr. Senf, is his tenant in possession.

Both parties trace their claims of title to Mr. A. M. Fielding, who, in September, 1880, borrowed of Howard county $600 of the road and canal fund and gave a mortgage to the county to secure his bond for that sum and interest, payable on or before December 31st of that year. The mortgage was duly acknowledged, and recorded shortly after its date. It provided that in default of payment of the bond, according to its tenor, "the then sheriff of said county shall have power to, and may, without suit on this deed of mortgage, proceed and sell the property herein conveyed and mortgaged, first giving twenty days' public notice of the time, terms and place of sale, by publication in some newspaper printed and published in said county, if any such there may be; if not, then by six posted or written hand bills posted up at public places in said county, at which sale the property shall be sold to the highest bidder for cash in hand, and the said sheriff shall make an absolute conveyance in fee of the property thus sold to the purchaser or purchasers thereof, which shall be effectual to all intents and purposes as if such sale were made by virtue of a judgment of court of competent jurisdiction, foreclosing said mortgage."

There was a default in meeting the bond and the property was advertised and sold according to the terms of the mortgage, June 11, 1888. At that sale plaintiff bought the land for the sum of $567, and received a sheriff's deed on which she now relies.

Before the sale by the sheriff the county court had made formal orders, *first*, reciting fully the facts of the loan and security; finding that default had been made; that Fielding was indebted to the county, for the use of the road and canal fund, in the sum of $529.33; directing judgment therefor, and that an order of sale of the property described in the mortgage should issue to satisfy the debt; *second*, commanding the sheriff of the county to levy the indebtedness, so found, upon the realty; to sell the same to satisfy said debt and costs, and to make return of his proceedings under the order to the next term of court.

At the time designated he made return, reporting the sale to plaintiff for $567, and the conveyance to her after the required publication of notice, etc.

The sheriff's deed to plaintiff recites the mortgage, its conditions and the power of sale as stated, the orders of the court, the facts showing his compliance with the terms of the power in respect of the giving of twenty days' published notice by advertisement, etc., that plaintiff was the highest and best bidder at the sale, and that the property was struck off to her; and then transfers and conveys to plaintiff all right, title and interest of the mortgagor to the realty in question (to quote literally) "that I might sell as sheriff as aforesaid by virtue of aforesaid execution and notice," etc.

It was properly acknowledged and recorded.

Defendants showed that there had been two entries on the margin of the record of the mortgage, purporting to release certain specified parts of the tract, upon two several partial payments on account of the debt secured.

The land in suit is included in that mentioned in the entries of release, defendants having acquired Fielding's title thereto after the making of those entries.

One of the latter was signed by the county treasurer, and the other by the presiding judge of the county court. But neither purports to be based on any order of the court and it appeared affirmatively that no action of the court, authorizing any such release, had ever been taken.

The facts controlling the judgment are all conceded.

The trial court found for the plaintiff and entered judgment accordingly. Defendant appealed.

I. It is first insisted that the deed to plaintiff is of no force, because based on orders of the county court in the nature of a foreclosure which that court had no jurisdiction to make. Those orders were evidently designed to follow the procedure marked out for the enforcement of mortgages of school funds. Revised Statutes, 1889, secs. 8057–8059. But in the law governing the management of the road and canal fund, nothing is said as to the necessity or propriety of such orders.

By section 7782 (Revised Statutes, 1889, identical with Revised Statutes, 1879, sec. 6925) the county is authorized to loan such funds, "taking care in every instance to require good and ample security." No form is prescribed. The bond and mortgage in the case before us followed the form appropriate for school fund loans. It is evident that one of these blanks intended for those loans was used, after changing the recitals so as to apply it to the road and canal fund, instead of to the school fund.

A grant of power is generally supposed to tacitly comprehend a grant of such incidental powers as may be necessary to make the principal grant effective. Broom's Legal Maxims [8 Am. Ed.] pp. 479, 486.

The power to loan this fund and to "require good and ample security," clearly implied the right to accept

a mortgage on real estate as security for the loan. When it was executed, the property become subject to the terms and power of sale expressed in that instrument. *Mann v. Best* (1876), 62 Mo. 491; *Grant v. Huston* (1891), 105 Mo. 97. The county acquired thereby the right to resort to the security to realize the amount of the loan, to the extent, and in the manner defined in the mortgage. We need not consider whether or not the county might have bought the land at the sale had it become necessary. That matter is now the subject of express legislation; but the latter was not in existence when the mortgage here in view was given, Revised Statutes, 1889, secs. 7788-7791.

As the land was sold to plaintiff, and the amount of the loan thus realized for the road and canal fund, the case, on this branch of inquiry, is simply whether the county could enforce its security, having taken it. Defendants stand in privity to the mortgagor. The sale actually made by the sheriff, under the express power vested in him, conformed strictly to the conditions prescribed for the exercise of that power. The county court had previously declared the debtor in default and directed the enforcement of the security.

It cannot affect the validity of the mortgage, or the rights conferred by its agreements, that the county court went further in its orders and undertook to follow the practice applicable to school loans, commanding a levy and special execution against the land, as well as ordering the sheriff to take the identical steps for the enforcement of the loan which the mortgage sanctioned. Those parts of the orders may be regarded as invalid without affecting the rights of the parties now before the court.

In the sheriff's deed he referred his action to the notice (published in accordance with the terms of the mortgage, preliminary to the sale) as well as to the "exe-

cution," as he was pleased to term the order directing him to enforce the security for the county's benefit. But his sale was plainly supportable under the mortgage and notice, and that is enough. The useful is not vitiated by the useless.

II. Next, it is claimed that the entries of release discharged the particular part of the mortgaged premises now in question from the lien of the incumbrance.

The court had control of the fund (Revised Statutes, 1889, sec. 7778), was authorized to make the loan and did so; but neither the treasurer nor the presiding judge, without authority from the court itself, could effectively release a part of the security on payment of part of the debt only. Nor could proof of a local custom to the contrary give defendant a greater right, or cut down the positive law in relation to a topic of this nature. *Knox Co. v. Goggin* (1891), 105 Mo. 182.

These entries we therefore hold were ineffectual to lessen the security of the county, or to release the land mentioned in them.

III. The "equitable defense," so called, presents no equity. That plaintiff was informed that the releases, above discussed, were not valid; that the purchaser at the sheriff's sale would not acquire a title to the land now in suit, or that Mr. Fielding told plaintiff that that land had been released, were facts which did not impair the force or effect of the security or diminish the estate or interest conveyed to the county, or to the plaintiff. There is no evidence whatever of any statement or act of plaintiff which would estop her from asserting her legal rights under the mortgage. She made no representation and did absolutely nothing, so far as this record shows, inducing any move on defendant's part. She may have thought her purchase less extensive when made than it was in fact; but that furnishes no legal or equitable ground to deprive her of its full fruits.

We see nothing substantial in the points advanced to sustain the appeal; and hence affirm the judgment. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.