Hettie Murphy, Appellant, v. Butler County et al.—No. 38916—180 S. W. (2d) 732.

Division One, June 5, 1944.

*M. W. Henson* for appellant.

*C. T. Bloodworth* and *Tedrick & Tedrick* for respondent.

1084

 HYDE, J.—This is an action to set aside a deed, foreclosing a school fund mortgage, and subsequent conveyances of the real estate (town lots) involved. The court found against plaintiff and dismissed her petition. Plaintiff has appealed.

Plaintiff borrowed $700.00 on school fund mortgage in 1924 and paid no interest after 1928; nothing was ever paid on principal. Foreclosure was made in 1935, when the amount due was $1010.30. The lots were bid in by the county for $500.00. Plaintiff knew about this foreclosure sale and gave up possession. About a year later, defendant Waller (County Clerk) purchased the lots from the county for $450.00, receiving a deed from the County Land Commissioner, whose acknowledgment was taken by him. In 1941, Waller conveyed the lots to defendant Mann for $725.00. (Waller sold to defendant Harris in 1937 but got the lots back in 1940.) Mann sold them to defendant Hayes for $750.00. Hayes sold to defendant Pulliam for $1950.00, after making improvements, receiving a deed of trust for $1150.00 for part of the purchase price. Plaintiff lived within two blocks of the property but never told any of the subsequent owners that she claimed some right to it at any time prior to bringing this suit in 1943. In 1941, Hayes modernized the house at a cost of $750.00. Pulliam built a garage and coal shed costing $150.00.

Plaintiff contends that the School Fund mortgage foreclosure was invalid on the grounds that the sale was made in vacation of Circuit Court; that there was no legal publication of notice of sale; and that there was no report of sale by the sheriff or confirmation by the County Court. Plaintiff further contends that the deed from the county to Waller was void because the grantee, as County Clerk, took the acknowledgment of the Land Commissioner.

 The requirements for foreclosure of School Fund mortgages are set out in Secs. 10385 and 10387. (Except as otherwise specified all references are to R. S. 1939 and Mo. R. S. Ann.) The order of sale required by Sec. 10387 is essential to a valid sale [Benton County v. Morgan, 163 Mo. 661, 64 S. W. 119]; but the County Court did make such an order in this case. Plaintiff relies on McClurg v. Dollarhide, 51 Mo. 347 and Wilcoxon v. Osborn, 77 Mo. 621, holding such foreclosure sales void when not made during a session of Circuit Court. The statute has been changed since these cases. (Laws 1874, p. 159, Sec. 7111, R. S. 1879.) Present Sec. 10385 provides for the mortgage to contain a power of sale authorizing the sheriff to sell the mortgaged land, after giving notice "of the time and place of sale", and specifying the manner of publication of this notice. This contains no requirement of sale during court sessions. While Sec. 10387 (which was retained in its old form, see

R. S. 1855, p. 1425, Sec. 30, Chap. 143) seems to contemplate proceedings under the court's order as under *fieri facias,* this section does not specifically fix the time for sale as does Sec. 1362 providing requirements for sale of real estate under execution on Circuit Court judgments. However, prior to 1874, it seems to have been the only method of foreclosure. It was held in Grant v. Huston, 105 Mo. 97, 16 S. W. 680, that a sale in accordance with the power of sale stated in a school fund mortgage was good, even though not made during a session of the Circuit Court when the power of sale in the mortgage did not require it. We hold that this sale was not void for this reason.

■ The Sheriff's deed recites proper publication of notice in the Poplar Bluff Republican but no proof of publication was attached to the deed. However, the manager of the Poplar Bluff Printing Company testified that the notice, a copy of which was introduced in evidence, was published four times, on November 7th, 14th, 21st and 29th, 1935. He produced the files of the newspaper in court showing the publication on these dates. It is true that the record does not specifically show (as plaintiff says) that these were the files of the same newspaper recited in the foreclosure deed. Nevertheless, the papers were before the court without objection or claim that they were not copies of the same paper. Proof of publication can be made otherwise than by the printers affidavit authorized by Sec. 14969. [Raley v. Guinn, 76 Mo. 263; Robbins v. Boulware, 190 Mo. 33, 88 S. W. 674; McDaniel v. Sprick, 297 Mo. 424, 249 S. W. 611. See also Sec. 3481 concerning recitals in the deed.] Plaintiff offered no proof to the contrary either as to the compliance of the newspaper with Sec. 14968 or as to the sufficiency of the publication. We hold that defendants' proof of legal publication was sufficient. As to report of sale to and confirmation by the County Court, plaintiff cites no statute or authority making such a requirement in the case of school fund mortgage foreclosures. The county was authorized by Sec. 10389 to bid in the land, accepted its conveyance, and sold it, which should be sufficient to bind it. We hold that the foreclosure was not void.

■■ The County Clerk had no authority to take the acknowledgment to his own deed but that made only the acknowledgment void and left the deed good between the parties. [Woolridge v. La Crosse Lumber Co., 291 Mo. 239, 236 S. W. 294, 19 A. L. R. 1068; Williams v. Moniteau National Bank, 72 Mo. 292.] If the foreclosure was not void and divested plaintiff of her title, no defect in later deeds could harm her or give her any superior rights over the subsequent purchasers. Even if plaintiff might have had a right to redeem, upon a proper showing of harmful result therefrom, because of failure to sell when circuit court was in session (which we do not hold), while the county still owned the land or while the County Clerk owned it, she brought no action then and even this is not such an action. [See

Richards v. Earls, 345 Mo. 260, 133 S. W. (2d) 381.] Plaintiff's claim is on the ground that the foreclosure was wholly void. [See Benton County v. Morgan, supra.] Plaintiff did not allege that she could or would pay the mortgage debt. She only asked that the title be declared vested in her subject to the mortgage, and she seeks to take the property from innocent subsequent purchasers. According to the evidence as to value, even confiscating improvements made by such bona fide purchasers, if the mortgage should be reinstated the debt and with delinquent interest added to date would very nearly equal its value. The result would be to take all from them and give her nothing. Plaintiff makes no offer to do equity to the present owner and trust deed holder who have made or paid for improvements apparently sufficient to double the value of the property. She lived nearby while these improvements were being made by innocent purchasers without asserting any claim and the court properly found against her on the defense of laches and lack of equity in her claim. [Kline v. Vogel, 1 S. W. 733, 2 S. W. 408, 90 Mo. 239; ▮ Ferguson v. Soden, 111 Mo. 208, 19 S. W. 727; Ludwig v. Scott (Mo. Sup.), 65 S. W. (2d) 1034.] As we said in Morris v. Hanssen, 336 Mo. 169, 78 S. W. (2d) 87: "The relief of cancellation will not be granted against a bona fide purchaser for value and without notice of the fraud or other ground for cancellation. This rule applies irrespective of the grounds on which the rescission or cancellation is sought."

The judgment is affirmed. All concur.