Katherine SHEPHERD,
Plaintiff-Respondent,

v.

Gladys SHEPHERD,
Defendant-Appellant.

No. KCD 29783.

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

Daniel M. Dibble, R. B. Miller, III, Kansas City, for defendant-appellant.

Leon G. Kusnetzky, Kansas City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

In this action Katherine Shepherd seeks to set aside a deed executed by her to herself and her daughter, Gladys Shepherd, as joint tenants with right of survivorship. Service was by publication and on failure of Gladys to appear, the court entered judgment setting the deed aside whereupon Gladys perfected this appeal.

Gladys contends the court failed to follow the provisions of Rules 54.17 and 54.20 and failed to require the service of an amended petition upon her, and that the judgment was improper because an in personam judgment was entered on constructive service. Affirmed.

Katherine Shepherd executed a warranty deed in 1966 to herself and her daughter, Gladys, as joint tenants with right of survivorship. The petition alleged the conveyance was fraudulent, without consideration, and resulted from undue influence exercised by Gladys over her mother. The petition further alleged Gladys induced Katherine to execute the deed by representing that Katherine would have exclusive use and control of the real estate during her lifetime and that the deed was a type of will which Katherine could revoke, modify or amend at her own discretion. The petition also contained the usual allegations concerning misrepresentation and reliance.

To obtain service by publication, Katherine's counsel filed an affidavit stating that Gladys had absconded or absented herself from her usual place of abode in this State so that the ordinary process of law could not be personally served upon her, that the present address of Gladys was unknown and giving her last known address. Thereupon, publication was run in the Independence Examiner and more than forty-five days after the first date of publication, the cause was heard. The only appearance was

by Katherine, who testified in support of the petition, and her son, William Phillip, who also testified.

In oral argument of this cause, counsel for both parties agreed that at some time prior to the institution of this suit Gladys entered the Federal Program for the Protection of Witnesses and had been removed from Kansas City by the government and given a new identity. In addition to service by publication, summons was served on the United States Marshal's office in Kansas City and counsel for Gladys in oral argument admitted that Gladys had received a copy of the summons and petition prior to the hearing.

Gladys first challenges the affidavit filed by which service of publication was obtained. Rule 54.17(b) requires a party desiring service by publication to file a verified statement stating "that one or more of the persons to be served are unborn or their names are unknown to the party desiring service by publication or facts showing why service cannot be obtained under Rule 54.13 [personal service within the state], Rule 54.-14 [personal service outside the state], or Rule 54.16 [service by mail] . . ."

■ Gladys contends the affidavit did not contain an allegation that she could not be personally served outside the State of Missouri. However, the affidavit sufficiently asserted facts which showed Katherine knew of no address at which Gladys could be served outside the state by stating that her present address was unknown and that she had absconded or absented herself from her usual place of abode.

■ Gladys next contends the publication notice published in the newspaper was inadequate because it did not fully apprise her of the general nature of the grounds which Katherine was asserting as a basis for setting aside the deed. Rule 54.17(c)(2) requires the notice to briefly state the object and general nature of the action. In *Adams v. Cowles*, 95 Mo. 501, 8 S.W. 711, 713[2] (1888) the court held the notice of publication need not detail the facts as they are stated in the petition. That statement

remains the law to this time. Therefore, the notice did not need to state the facts upon which Katherine based her right to relief.

■ Gladys next contends the notice of publication was faulty because it did not state that by order the court could extend her time for pleading beyond the specified forty-five days from the date of first publication. The notice of publication is not required to give any time beyond forty-five days. Rule 54.17(c)(6) provides the notice shall state that judgment by default will be rendered against the defendant unless he files an answer or other pleading, or otherwise appears and defends, within forty-five days after the date of the first publication, or such longer time as the court may fix by order. Since no other time was fixed by order the notice could not state any time except the forty-five days specified by this Rule in which to appear or plead. Thus, the notice was sufficient.

■ Gladys next contends the notice of publication was not filed with the court as provided by Rule 54.20(e), which provides that a copy of the notice shall be attached to the affidavit which shall be filed. The transcript on appeal does not show any fact concerning whether or not the notice of publication was filed. The transcript reveals the following occurred:

MR. KUSNETZKY: I would like to direct the Court's attention to the affidavit of publication in this case. We were not able to obtain personal service as such and after we couldn't obtain service, we published it in the Independence Examiner and I am offering into evidence the affidavit of publication.

THE COURT: It will be received as evidence in the cause.

Gladys does not contend the notice of publication was not run in the newspaper and, as noted, concedes she in fact had personal notice of the pendency of this suit. Rather, her contention now is that the judgment should be set aside because she says the notice of publication was not actually filed in the court file. While the transcript does not shed any light on this question,

even if it be assumed the notice was not filed, still the fact remains the notice was marked as an exhibit and introduced in evidence. In its judgment the court found that service was duly made upon Gladys by publication of notice pursuant to Rule 54.17 "as evidenced by the affidavit of publication offered and received into evidence herein . . ." The purpose to be served by filing the notice of publication is to supply proof that the notice of publication has in fact been run. Here, the notice of publication was marked as an exhibit, admitted and found by the court in its judgment to be proper and in compliance with requirements for service by publication. While not involving this particular type of action, *Murphy v. Butler County*, 352 Mo. 1082, 180 S.W.2d 732, 734[3–7] (1944) held that where a copy of the publication was not attached to a sheriff's deed, proof of legal publication was satisfied when the newspaper publisher testified to the publication. The court noted in that case the party attacking the service did not question the sufficiency of the publication and held the alternative mode of proving legal publication was sufficient.

In this case, proof of publication was made by introducing the affidavit of publication into evidence, whereupon the court found Gladys had been duly summoned by publication. In effect, this was equivalent to filing the proof of publication and therefore sufficiently complied with Rule 54.-20(e).

 Gladys next contends she was not served with a copy of an amended petition filed the day of trial which allegedly contained certain material changes from the original petition on file when the notice of publication was run.

Rule 43.01(a) excuses service of pleadings subsequent to the original petition on parties in default except that pleadings asserting new or additional claims shall be served. Here, the transcript contains only the amendment but not the original petition. It is the responsibility of the appellant to provide a complete transcript of any issue which she desires to be reviewed by this court. *Empire Gas Corp. v. Randolph*, 552 S.W.2d 82, 84 (Mo.App.1977). Without the original petition it is impossible to ascertain whether the amendment stated new or additional claims. Therefore, this point cannot be reviewed.

Gladys finally contends the court in fact entered an in personam judgment because the allegations concerned her personal conduct. Somewhat nebulously, Gladys seeks to argue that these allegations convert the judgment from one operating in rem to one operating in personam. This court recently had occasion to explore judgments in rem and in personam in *In re Marriage of Breen*, 560 S.W.2d 358, 361[3–5] (Mo.App.1977) from which it is clear that this judgment did not subject Gladys to any personal liability but affected only her interest in the specific real estate located within the jurisdiction of the court. Thus, this could be only an in rem judgment. The allegations concerning Gladys' conduct were necessary as a basis to give Katherine relief but in no manner changed the nature of the action or judgment from in rem to in personam.

Finally, Katherine has filed a motion for damages for the taking of a frivolous appeal under Rule 84.19. The motion is overruled.

The judgment is affirmed.

All concur.