In re the **MARRIAGE OF Dorothy J. CHAMBERLAIN and Steve Chamberlain.**

**Dorothy J. Chamberlain, Petitioner–Respondent,**

v.

**Steve Chamberlain, Respondent–Appellant.**

**No. 24095.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 9, 2002.

Heath H. Hooks, Johnson & Johnson, Metropolis, IL, Appellant's attorney.

Lynn N. Bock, New Madrid, MO, Respondent's attorney.

NANCY STEFFEN RAHMEYER, Judge.

Dorothy J. Chamberlain ("Wife") and Steve Chamberlain ("Husband") were divorced by the New Madrid Circuit Court on December 14, 1993. Husband filed a Petition to Vacate Decree of Dissolution on May 22, 2000. The trial court overruled the petition[1] and Husband appeals from that judgment. We reverse and remand the case to the trial court for further proceedings consistent with this opinion.

Wife filed her Petition for Dissolution of Marriage on July 19, 1993. She alleged that Husband "cannot be served in [Missouri] with process in the manner prescribed by law for personal service of process in this state, and his present address is Rt. 3, Box 237, Golconda, Illinois, 63938." Wife provided Husband's social security number and stated that he was unemployed.

On July 19, 1993, the New Madrid County Circuit Clerk ("the clerk") sent a letter to the sheriff of Pope County in Golconda, Illinois requesting the sheriff serve an enclosed summons on Steve Chamberlain. The letter was returned to the clerk's office with a notation dated September 21, 1993, which stated that the summons was being returned because it was outdated. The clerk sent another letter and summons to the Pope County sheriff dated September 23, 1993, again asking that the sheriff serve Steve Chamberlain. No record of service of the summons exists and there is no further explanation as to why he was not personally served.

On October 18, 1993, the Circuit Court of New Madrid County issued an Order of Publication of Notice to Steve Chamberlain ("publication order") concerning the

dissolution action. In the "Affidavit of Publication," Clement Cravens, "Publisher of The Weekly Record" swore that notice was published concerning the Chamberlain divorce petition from October 22, 1993 through November 12, 1993 in "The Weekly Record," "a weekly newspaper of general circulation in the County of New Madrid."

The court heard evidence on the divorce petition on December 14, 1993 and found Husband in default. The marriage was dissolved and marital property and debts were divided pursuant to the petition for dissolution and decree. On May 22, 2000, Husband filed his verified "Petition to Vacate Decree of Dissolution Entered On December 15, 1993." The petition alleges the decree of dissolution should be set aside for lack of personal jurisdiction over Husband. Husband admits that publication was made in New Madrid County, but alleges a copy of the summons and petition was not mailed to him. Husband also alleges that Wife "grossly misrepresented to the Court the marital assets of the parties." Husband claims that, as a result, the property distribution was "grossly inequitable."

The court held a hearing on Husband's petition to vacate on November 14, 2000, but no evidence was taken. The attorneys made oral arguments and Husband requested leave to file an amended petition. The court, indicating it would go through the pleadings and examine what led to the default decree, took the entire matter under advisement. The court overruled Husband's petition and never made a ruling on Husband's request to file an amended petition.

---

1. The court's docket entry states that the court denies "Respondent's Motion to Reconsider"; however, Respondent's "Petition to Vacate Decree of Dissolution entered on De-

cember 15, 1993" is the only pleading that was before the court. We will refer to the pleading as a petition.

Husband appeals the court's denial of his petition to vacate on two grounds. First, Husband contends the court erred in overruling his petition because the court had no jurisdiction to enter the decree of dissolution of marriage. Husband's second contention is that the court erred in overruling his petition to vacate because the allegations were sufficient to warrant an evidentiary hearing on Husband's allegation that the division of marital assets was procured by fraud.

Husband argues the court did not have jurisdiction to enter the decree of dissolution because the rules regarding service were not followed and the court did not have personal jurisdiction over Husband. The crux of Husband's argument is that he received no notice, constructive or otherwise, of the dissolution proceeding. Specifically, Husband cites to Rule 54.17(e), Missouri Rules of Civil Procedure (1993) and § 506.160.3.[2] Rule 54.17 was repealed in 1993, effective January 1, 1994, but it was in effect at the time the petition for dissolution was filed and the decree of dissolution was entered. Rule 54.17(e) read as follows:

> If the address of any of the parties to be served by publication is given in the verified statement the clerk shall (1) within ten days after such order of publication mail a copy of the order of publication of notice and a copy of the petition to each such defendant and (2) file a certificate that such copies have been mailed.

The applicable portion of § 506.160.3 states as follows:

> If the plaintiff ... shall allege in his verified petition ... that part or all of the defendants are nonresidents of the state ... and cannot be personally served in this state in the manner pre-

scribed by law for personal service, ... and the affidavit or the verified petition shall state the present known address of the defendant, if known, ... the court or judge or clerk thereof shall issue an order of publication of notice to such defendant or defendants, notifying such defendant or defendants of the commencement of the action, and stating briefly the object and general nature thereof, and describing the property, if any, to be affected.... *If the present known address of the defendant is given, the clerk shall within ten days after said order of publication mail a copy of the notice to each defendant whose address has been stated in the affidavit or verified petition. The clerk shall file a certificate certifying that copies of the notice have been mailed as required by this section, in all cases where the present known address has been given, and such certificates shall be conclusive and binding upon the parties.*

(Emphasis added.)

Husband contends that because the clerk failed to mail Husband a copy of the publication order and the petition and failed to file a certificate that such mailing occurred, both of which are required by the rule and statute quoted above, the trial court lacked personal jurisdiction over Husband and had no jurisdiction to enter the Decree of Dissolution. Husband does not dispute that the publication order was issued, nor does he contend that the publication order itself and its publication did not comply with the requirements of § 506.160.3. He claims the clerk did not comply with the statute in two ways: the clerk did not mail Husband the publication order and petition and the clerk did not file a certificate that those documents had been mailed to Husband.

___

**2.** *All references to statutes are to RSMo 2000,* *unless otherwise indicated.*

Initially, we note in personam jurisdiction is not necessary to the dissolution of a marriage because such a proceeding affects status only and the action is in rem, or at least quasi in rem, and requires for a valid judgment only that the res be before the court on proper notice. *Southard v. Southard*, 733 S.W.2d 867, 868 (Mo. App. S.D.1987). However, "[d]ue process requires that the notice must be reasonably calculated to afford notice of the pendency of the action." *Williams v. Williams*, 950 S.W.2d 919, 923 (Mo.App. W.D.1997). When a party is absent from the state a court does not acquire jurisdiction to dissolve a marriage or dispose of the property of the parties unless there is proper notice to the out-of-state party. *In re Marriage of Breen*, 560 S.W.2d 358, 362 (Mo.App.1977). Following the rules for service by publication "according to conventional due process, allows rendition of a valid judgment in rem as to the title of real estate, marital status, or any other thing authorized by law . . . to be brought before the court by that method." *Id.* When service is sought by means of constructive notice, strict compliance with the statute and rule allowing service by publication is required. *Skalecki v. Small*, 832 S.W.2d 954, 956 (Mo.App. S.D.1992). "Defective or improper service by publication is the equivalent of no service at all." *Id.*

Because Wife included an address for Husband in her petition, § 506.160.3 required that a copy of the petition and publication order be sent to Husband at the stated address. That portion of the statute is consistent with the underlying goal of notice to Husband. No evidence was taken as to whether the clerk sent the publication order and petition to Husband or whether it was the clerk's normal practice at that time to do so. More than oral argument by the attorneys is necessary to resolve the issue properly. Evidence should be presented on the issue of whether the clerk sent the required documents to the address in the petition and whether Husband had notice of the dissolution proceedings.[3]

The second prong of Husband's argument regarding non-compliance of § 506.160.3 is not persuasive. Husband argues that the clerk's failure to file a certificate indicating the petition and publication order were mailed to Husband requires a finding of a lack of jurisdiction. We disagree. The filing of a certificate as discussed in § 506.160.3 is conclusive and binding on the parties to the litigation with respect to the mailing of a copy of the order of publication of notice. Failure to file such certificate is not necessarily fatal. In *Shepherd v. Shepherd*, 577 S.W.2d 158 (Mo.App. W.D.1979), the notice of publication was not filed in the court file.[4] At an evidentiary hearing the affidavit of publication was admitted into evidence and found to be in compliance with the require-

3. This opinion should not be read as requiring a party to actually receive the petition and publication order mailed by the clerk before there can be compliance with § 506.160.3. In this case Husband's contention that he did not receive the petition coupled with no evidence that the clerk sent the petition or that Husband had actual knowledge of the petition overcomes any presumption that the clerk sent the documents. Wife cites *London v. London*, 826 S.W.2d 30 (Mo.App. W.D.1992) and *Zahorsky v. Zahorsky*, 543 S.W.2d 258 (Mo.App.1976) to claim laches should bar Ap-

pellant's motion. Again, without an evidentiary basis for laches, we cannot address that issue.

4. *Shepherd* is not dispositive of the case before us because in *Shepherd* the defendant conceded that she had personal notice of the pendency of the suit. 577 S.W.2d at 160. According to his verified petition, Husband claims such personal notice is lacking in this case.

ments for service by publication. *Id.* at 161. The court discussed *Murphy v. Butler County*, 352 Mo. 1082, 180 S.W.2d 732, 734 (1944), wherein the court found it sufficient to prove proper publication by the testimony of the publisher of the publication in which the notice was run. Thus, the requirement that the clerk file a certificate indicating the petition and publication order were mailed to the party is more of an evidentiary matter that goes to proving the real requirement of the statute, that notice be mailed if the party's address is given. *See* Rule 54.20(e).

 In Husband's second point he alleges that the trial court erred in ruling on his petition to vacate without an evidentiary hearing to determine if the division of marital assets were procured by fraud. No error occurred. Husband's theory that the decree should be set aside on the basis of fraud was not properly before the trial court. Fraud was not alleged in Husband's petition to vacate. At the hearing on Husband's petition he requested leave to file an amended petition that would have included his argument concerning fraud. Because thirty days had passed after Husband's petition to vacate had been served, Rule 55.33 required Husband

to get leave of court or the written consent of the adverse party to file an amended petition. No record of the written consent of Wife is in the record on appeal. Neither is there a record of a ruling by the trial court on Husband's request to amend his petition. By not ruling on Husband's request to file an amended petition that asserted a claim for fraud the trial court failed to expressly decide the issue Husband now attempts to raise before this court. An appellate court will not review a proposition not expressly decided by the trial court. *Waldorf Investment Company v. Farris*, 918 S.W.2d 915, 918 (Mo.App. S.D.1996). Point II is denied.[5]

The trial court's judgment overruling Husband's petition to vacate is reversed and the case is remanded for further proceedings consistent with this opinion.

PREWITT and PARRISH, JJ., concur.

---

5. In the event a request is made on remand to file an amended petition that attempts to assert fraud as a basis for *setting aside* the dissolution decree the trial court might refer to *Lin v. Lin*, 834 S.W.2d 224, 227 (Mo.App. S.D.1992) (stating that such an action must be based on extrinsic fraud rather than intrinsic fraud), and *McKarnin v. McKarnin*, 795 S.W.2d 436, 439 (Mo.App. W.D.1990), quoting *May Department Stores Company v. Adworks, Inc.*, 740 S.W.2d 383, 385 (Mo.App. E.D.1987), (stating that extrinsic fraud is "fraud that induced a party to default or to consent to judgment against him," while intrinsic fraud is "knowing use of perjured testimony or otherwise fabricated evidence").