Fayette P. MILLER, Respondent,

v.

JONESBURG STATE BANK,
Defendant,

and

Sharon Miller, Appellant.

No. ED 85492.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 25, 2005.

Craig S. Redler, Attorney at Law, St. Louis, MO, for appellant.

Darryl L. Hicks, Attorney at Law, Warrenton, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Sharon Miller ("Daughter"), appeals from a judgment of the Circuit Court of Warren County ("the trial court") entered in favor of Respondent, Fayette P. Miller ("Wife"). The judgment quieted title to real estate located in New Florence, Missouri ("the property"). It further declared null and void a previous default judgment, entered by the St. Charles County Family Division Circuit Court ("the St. Charles court"), which purported to dissolve the marriage of Wife and Roosevelt Miller ("Husband"). We affirm.

Husband became the owner of the property on April 14, 1988. Husband and Wife were married on or about October 26, 1989. No children were born of the marriage. Daughter is the daughter of Husband but not Wife. On April 10, 1992, Husband and Wife became the owners of the property as tenants by the entirety. They both resided on the property from approximately· the middle of 1988 until January of 1996. Husband and Wife separated in or about January of 1996. Hus-band continued to reside on the property until his death.

On December 6, 1999, Husband filed a petition for dissolution of marriage and an application for service by publication in the St. Charles court. On March 9, 2000, a "Default Judgment And Decree Of Dissolution" was entered by the St. Charles court. Pursuant to the terms of the judgment, Husband was awarded the property.

Husband died intestate on April 7, 2003. On May 12, 2003, Wife filed a petition to quiet title to the property in the trial court asserting that she is the fee simple owner of the property. In Daughter's answer to the petition to quiet title, Daughter asserted that she is entitled to the property as the only heir at law of Husband. The trial court held that the St. Charles court lacked jurisdiction to dissolve the marriage of Husband and Wife, and dispose of the property. Thus, the trial court declared the St. Charles court default judgment null and void, and awarded Wife fee simple title to the property. This appeal by Daughter followed.

In her first point on appeal, Daughter claims that the trial court erred in permitting Wife to introduce extrinsic evidence at trial for the purpose of establishing that the St. Charles court improperly entered the default judgment.·

A collateral attack on a judgment is an effort to impeach the judgment in a proceeding which is not initiated for the express purpose of annulling the judgment. *Major v. Frontenac Industries, Inc.,* 968 S.W.2d 758, 761 (Mo.App. E.D. 1998). A collateral attack has merit only when the record affirmatively reveals that the judgment was void for lack of jurisdiction. *Groh v. Groh,* 910 S.W.2d 747, 753 (Mo.App. W.D.1995). A judgment cannot be contradicted by extrinsic evidence. *Howard v. Howard,* 916 S.W.2d 875, 876 (Mo.App. E.D.1996).

The only specific extrinsic evidence Daughter claims was allowed in as evidence by the trial court is brief testimony by Wife explaining that she did not live in St. Charles at the time of the St. Charles court proceedings. Wife further explained that she did not learn of the St. Charles default judgment until after the death of Husband. Wife's counsel indicated the evidence was not being offered for the purpose of attacking the St. Charles default judgment. The trial court could have reasonably found the evidence to be admissible as an attempt to refute Daughter's affirmative defense that Wife should be precluded from bringing an action to quiet title "due to the failure of the Plaintiff [Wife] to act and the doctrine of laches."

Furthermore, there is no evidence that the trial court considered or relied on extrinsic evidence in declaring the judgment of the St. Charles court to be null and void. To the contrary, in a letter to the parties filed on October 14, 2004, the court stated that it came to the conclusion that the judgment of the St. Charles court is void upon "examination of the entire record of the dissolution proceedings...." Therefore, the trial court did not impermissibly allow Wife to introduce extrinsic evidence for the purpose of establishing that the St. Charles court improperly entered a default judgment. Point denied.

We will now address Daughter's third point on appeal before addressing her second point on appeal. In her third point on appeal, Daughter contends that service by publication was adequate to grant jurisdiction to the St. Charles court over the petition to dissolve the marriage of Husband and Wife.

Generally, a trial court can proceed in matters affecting status (such as the marriage itself) without personal jurisdiction, but the action in rem does require compliance with the rules relating to service of process and proper notice. *Williams v. Williams,* 950 S.W.2d 919, 924 (Mo.App. W.D.1997). A service by publication notice for in rem or quasi in rem civil actions shall include "a description of any property to be affected...." Rule 54.12(c)(3)(C). "When service is sought by means of constructive notice, strict compliance with the statute and rule allowing service by publication is required." *In re Marriage of Chamberlain,* 63 S.W.3d 326, 330 (Mo.App. S.D.2002). "Defective or improper service by publication is the equivalent of no service at all." *Id., quoting Skalecki v. Small,* 832 S.W.2d 954, 956 (Mo.App. S.D.1992).

In this case, a description of the property was not included in the service by publication notice. This defect in the notice constitutes a violation of the service by publication requirements set out in Rule 54.12. Because the service by publication requirements of Rule 54.12 were not met, the St. Charles court was without jurisdiction to enter a judgment. Thus, the judgment of the St. Charles court was wholly void. *See In re Marriage of Southard,* 733 S.W.2d 867, 868 (Mo.App. S.D.1987). Therefore, the trial court did not err in finding the default judgment rendered by the St. Charles court to be null and void. Point denied.

In light of this finding, we need not address Daughter's contention in the second point on appeal that the St. Charles court had subject matter jurisdiction over the dissolution proceeding.

Based upon the foregoing, we affirm the judgment of the trial court.

GEORGE W. DRAPER III and KENNETH ROMINES, JJ., concur.