**Marian WARE, Appellant,**

v.

**Philip WARE, Respondent.**

**No. ED 95236.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 15, 2011.

Kevin J. Kasper, St. Charles, MO, for appellant.

Joseph Kuhl, St. Charles, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Marian Adele Ware (Mother) appeals from the judgment of the Circuit Court of St. Charles County denying her motion to set aside and vacate judgments entered in 2002 and 2005 modifying the child support provisions of a Texas court's Decree of Divorce (Texas Judgment). Mother claims the trial court lacked subject matter jurisdiction under the Uniform Interstate Family Support Act (UIFSA) to modify the Texas Judgment. We affirm.

### Background

In 1994, a Texas court entered the Texas Judgment, dissolving Mother and Phillip Allen Ware's (Father) marriage. The Texas Judgment appointed Mother sole managing conservator of the parties' minor child and ordered Father to pay Mother $517.60 in monthly child support.

In 2002, Father registered the Texas Judgment in the Circuit Court of St. Charles County and filed a motion to modify the Texas Judgment. At that time, Father and the minor child resided in Missouri while Mother resided in Colorado. Mother waived personal service, and the parties filed a stipulation for modification of the Texas Judgment. In accordance with the stipulation, the trial court entered judgment modifying the Texas Judgment and granting Father primary physical custody and terminating his child support obligation (2002 Judgment).

In 2005, Father filed a second motion to modify in the Circuit Court of St. Charles County. At this time, Father and the minor child resided in Missouri while Mother resided in Texas. Mother did not answer or otherwise defend Husband's motion to modify. Thereafter, the trial court entered a default judgment, granting Father sole legal and physical custody and ordering Mother to pay Father $619.32 per month in child support (2005 Judgment).

Five years later, in 2010, Mother filed a motion in Circuit Court of St. Charles County to set aside and vacate the 2002 and 2005 Judgments pursuant to Rule 74.06. In her motion, Mother asserted that the trial court lacked subject matter jurisdiction under the UIFSA to enter the

2002 and 2005 Judgments, and, therefore, the judgments were void. The trial court denied Mother's motion. This appeal follows.

### Standard of Review

Ordinarily, we review the circuit court's ruling on a motion to set aside a judgment under Rule 74.06 for an abuse of discretion. *Kerth v. Polestar Entertainment*, 325 S.W.3d 373, 378 (Mo.App. E.D. 2010) (citing *In re Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. banc 2006)). However, whether a judgment should be vacated because it is void is a question of law that we review de novo. *Kerth*, 325 S.W.3d at 378.

### Discussion

In her first and second points, Mother contends that the trial court erred in denying her motion to set aside and vacate the 2002 and 2005 Judgments on the grounds that the trial court lacked subject matter jurisdiction. More specifically, Mother contends that the trial court lacked subject matter jurisdiction under the UIFSA to modify the Texas Judgment because the requirements of Sections 454.971 and 454.973 were not met. *See* Sections 454.850 to 454.997.[1]

Section 454.971 provides that a tribunal of this state may modify a child support order of another state only if the requirements of Section 454.973 are met. Section 454.973 provides, in pertinent part:

(a) After a child support order issued in another state has been registered in this state, unless the provisions of section 454.978 apply,[2] the responding tribunal of this state may modify that order only if, after notice and hearing, it finds that:

(1) the following requirements are met:

(i) the child, the individual obligee, and the obligor do not reside in the issuing state;

(ii) a petitioner who is a nonresident of this state seeks modification; and

(iii) the respondent is subject to the personal jurisdiction of the tribunal of this state; or

(2) an individual party or the child is subject to the personal jurisdiction of the tribunal and all of the individual parties have filed a written consent in the issuing tribunal providing that a tribunal of this state may modify the support order and assume continuing, exclusive jurisdiction over the order....

Section 454.973.

Mother claims that the requirements of the UIFSA must be met for a Missouri court to acquire subject matter jurisdiction to modify another state's child support order. For support, Mother cites Missouri case law holding that a "trial court's subject matter jurisdiction over a foreign child support order is set forth in the Uniform Interstate Family Support Act (UIFSA)." *State ex rel. Havlin v. Jamison*, 971 S.W.2d 938, 939 (Mo.App. E.D.1998); *see also Straight v. Straight*, 195 S.W.3d 461, 464 (Mo.App. W.D.2006). These courts have further held that if the requirements of UIFSA were not met, any judgment affecting another state's child support award is a nullity. *See Straight*, 195 S.W.3d at 464 (citing *Krasinski v. Rose*, 175 S.W.3d 202, 205 (Mo.App. E.D.2005)).

Although raised by neither party, we find that the cases analyzing the UIFSA in terms of "subject matter jurisdiction" are no longer valid in light of our Supreme Court's recent holding in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo.

---

1. All statutory citations are to Mo.Rev.Stat. (2000), unless otherwise specified.

2. Section 454.978 is not applicable to this case.

banc 2009). In *Wyciskalla*, the Court recognized only two types of jurisdictions—personal and subject matter jurisdictions, both of which are based on constitutional principles. *Id.* at 252. The subject matter jurisdiction of Missouri courts is set forth in Article V, section 14, which provides that "[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal." *Id.* at 253–54 (emphasis added in *Wyciskalla*). "Without subject matter jurisdiction, any action taken by the trial court is null and void." *Kalb v. Dir. of Revenue, State of Mo.*, 32 S.W.3d 126, 128 (Mo.App. E.D.2000).

In applying the principles in *Wyciskalla* to the instant case, our Supreme Court's recent opinion in *Hightower v. Myers*, 304 S.W.3d 727 (Mo. banc 2010) is instructive. In *Hightower*, a mother contended that a trial court lacked subjected matter jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA) to enter a paternity judgment awarding custody and support and a subsequent modification of that judgment. *Id.* at 732 (citing Sections 452.440 to 452.550 (repealed by L.2009 H.B. 481 § A)). Specifically, the mother claimed that the trial court lacked subject matter jurisdiction because the requirements of Section 452.450.1 had not been met. *Id.* The *Hightower* Court held that, although previous cases had analyzed the UCCJA in terms of subject matter jurisdiction, those cases were "no longer valid law" in light of the Court's recent decision in *Wyciskalla*. *Id.* at 733. The Court concluded that under *Wyciskalla*, because the case was a civil case, the "trial court had constitutionally vested subject matter jurisdiction over the dispute." *Id.*

The *Hightower* Court noted that, in *Wyciskalla*, the Court stated that "[w]hen a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits

on remedies or elements of claims for relief the courts may grant." *Id.* (quoting *Wyciskalla*, 275 S.W.3d at 255). Accordingly, the *Hightower* Court determined that the UCCJA's jurisdiction provisions do not remove subject matter jurisdiction from a trial court, but rather "inform a court whether it lacks authority to modify custody because of the statutory limitations." *Id.* The *Hightower* Court added that the UCCJA did not remove the trial court's subject matter jurisdiction even where, as there, principles of personal jurisdiction and comity factored into the UCCJA's jurisdictional provisions. *Id.* at 734.

Finally, the *Hightower* Court acknowledged that the mother "frame[d] her claim for relief in terms of subject matter jurisdiction because subject matter jurisdiction may not be waived, may not be conferred by consent, and can be raised at anytime by any party or court, even in a collateral or subsequent proceeding." *Id.* at 733. Nevertheless, the Court held that the claim was not an issue of subject matter jurisdiction, and because the mother failed to properly raise her claim that the trial court lacked authority in either the original paternity judgment or the modification of that judgment, the Court found that her claim was unpreserved. *Id.* The *Hightower* Court concluded that "[b]ecause the trial court had subject matter jurisdiction and any unpreserved claims are waived, [the mother was] not entitled to relief." *Id.*

As in *Hightower*, we find that the instant case is a civil case and therefore, under *Wyciskalla*, the trial court had subject matter jurisdiction over the dispute. Mother failed to timely raise her claims regarding the alleged failure to comply with UIFSA. Accordingly, Mother's claims are not preserved, and she is not entitled to relief. *See id.* Points denied.

## Conclusion

The judgment of the trial court is affirmed.

GARY M. GAERTNER, JR., P.J., and MARY K. HOFF, J., concur.