James D. ROSEMANN, Respondent,

v.

Linda S. ROSEMANN, Appellant.

No. ED 95007.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 27, 2011.

Toni Lucillia Meyer, Troy, MO, for Appellant.

Aaron M. Staebell, St. Peters, MO, for Respondent.

Before ROBERT G. DOWD, JR., P.J., MARY K. HOFF, J., and SHERRI B. SULLIVAN, J.

## OPINION

PER CURIAM.

Linda S. Rosemann (Wife) appeals from the judgment denying her motion to set aside a Dissolution of Marriage default judgment. We reverse and remand.

*Factual and Procedural Background*

On July 25, 2008, James D. Rosemann (Husband) filed a Petition for Dissolution of Marriage. On July 28, 2008, the trial court issued a summons to Wife and ordered a special process server. On August 28, 2008, the summons was returned "Nonest, Apartment vacant." No address was indicated.

On October 16, 2008, Husband filed a Request for Alias Summons and Special Process Server asking that Wife "be served at 28 Stateman Drive O'Fallon, Missouri 63368." On October 20, 2008, the court issued the alias summons to Wife and ordered a special process server. On October 21, 2008, however, the summons was issued and specified the address as "1917 SUNTRAIL, TROY, MO 63379," which was the marital residence of Husband and Wife. The last time Wife resided at the 1917 Suntrail address was in December 2007. On November 4, 2008, the summons was returned "Non-est." The following day, on November 5, 2008, it was filed in the trial court.

On December 2, 2008, Husband filed a Motion for Order of Publication which was signed by Husband's attorney but was not accompanied by a verified statement by

either Husband or his attorney. On December 15, 2008, the trial court granted Husband's motion. On February 25, 2009, the Affidavit of Publication was entered and notice of the pending dissolution was published in the Troy Free Press.

On March 16, 2009, Husband's Petition for Dissolution of Marriage was called and heard. On the same day, the trial court entered its Judgment of Dissolution of Marriage. In its judgment, the trial court found "[Wife], having been duly served through publication, appears not and is in default." The judgment awarded Husband the majority of the marital assets, as reflected in his financial statement. The judgment also awarded Husband the marital residence at 1917 Suntrail Drive, Troy, Missouri, and a tract of land located at 22 Schneider Road, Troy, Missouri. Both properties had considerable marital equity. The trial court awarded both parties their respective retirement accounts.

On March 15, 2010, Wife filed her Motion to Set Aside Judgment of Dissolution of Marriage under Rule 74.05 or Rule 74.06. On May 3, 2010, the motion was heard and evidence was adduced. At the hearing, Wife testified that she and Husband were married for 32 years and had four emancipated children. Wife testified that she and Husband began having marital problems and that she had previously filed a Petition for Dissolution of Marriage in April 2007. Wife testified that during that time she also obtained a full order of protection against Husband. The parties later attempted to reconcile and dismissed the divorce action.

Wife testified that, in December 2007, she left the marital residence. The parties tried to reconcile from December 2007 until March 2008. Wife testified that she moved to Hazelwood, Missouri and she was living there when she attempted to reconcile with Husband. In May 2008, Wife then moved to South St. Louis until November 2009. Wife then moved to her mother's residence in O'Fallon, Missouri.

During the pendency of the divorce, Wife saw and spoke with her daughter who had Wife's phone number. The daughter never informed her about a divorce or gave her any messages from Husband. Wife also testified that Husband knew Wife's mother "very well" and knew she lived in O'Fallon, Missouri. Wife testified that Husband had also been to her residence and knew Wife's mother's phone number.

At the conclusion of the hearing, the court took the case under advisement. On May 5, 2010, the trial court denied Wife's motion to set aside the judgment. Wife now appeals, claiming the trial court erred when it denied her motion. We reverse and remand.

## Discussion

■ Wife presents two points on appeal. Because Point II is dispositive, we need only address it in this opinion. In her second point, Wife argues the trial court erred in not setting aside the judgment of dissolution because the court did not have personal jurisdiction over Wife in that Husband failed to file a verified statement as required by Rule 54.12(c) or Section 506.160.3, RSMo 2000, in his motion for an order for service by publication and he failed to make an honest and reasonable effort to obtain personal service on Wife. As such, Wife argues, any judgment entered is void.[1] We agree.

1. Husband argues that Wife's Point II "was not raised in [her] motion to set aside default judgment and therefore this Court has authority to refuse to consider said claim, or to do so only under the plain error doctrine." Our review of Wife's motion shows that she did

 A decision on a motion to set aside a default judgment under Rule 74.05 is reviewed for abuse of discretion. *In re Marriage of Callahan,* 277 S.W.3d 643, 644 (Mo. banc 2009). There is, however, "a strong preference for deciding cases on the merits and against resolving litigation by default." *Id.* Consequently, courts have broader discretion when sustaining a motion to set aside a default judgment than when overruling such a motion. *Id.* Public policy favors resolution on cases on the merits and default judgments are regarded with distaste. *Brungard v. Risky's Inc.,* 240 S.W.3d 685, 686 (Mo. banc 2007).

 Similarly, under Rule 74.06, we review a court's action for abuse of discretion; however, whether a default judgment should be vacated because it is void is a question of law that we review de novo. *Ware v. Ware,* 337 S.W.3d 723, 724 (Mo. App. E.D.2011); *O'Hare v. Permenter,* 113 S.W.3d 287, 289 (Mo.App. E.D.2003).

 Generally, a trial court can proceed in matters affecting status, such as the marriage itself, without personal jurisdiction, but an action in rem requires that parties comply with the rules relating to service of process and proper notice. *Miller v. Jonesburg State Bank,* 174 S.W.3d 79, 81 (Mo.App. E.D.2005). "When service is sought by means of constructive notice, strict compliance with the statute and rule allowing service by publication is required." *Id.* (*quoting In re Marriage of Chamberlain,* 63 S.W.3d 326, 330 (Mo.App. S.D.2002)). "Defective or improper service by publication is the equivalent of no service at all." *Id.*

 Rule 54.12(c)(2), entitled "Service—In Rem or Quasi In Rem Civil Actions," provides in pertinent part:

Such order shall issue when the party desiring service by publication files a **statement verified by the party or by a person on behalf of the party** stating: (A) that one or more of the persons to be served are unborn or their names are unknown to the party desiring service by publication or facts showing why service cannot be obtained under Rule 54.12(b), Rule 54.13, Rule 54.14 or Rule 54.16, and (B) the last known address of the party to be served or in lieu thereof a statement that said address is unknown." [Emphasis added.]

Here, the record shows that the motion for order of publication was filed on December 2, 2008, and signed by Husband's attorney but was not accompanied by a verified statement as required by Rule 54.12. Because proper service must be accomplished before a court acquires jurisdiction, without proper service, any judgment rendered over a party is void. *Metmor Financial, Inc. v. Leggett,* 787 S.W.2d 733, 735 (Mo. App. E.D.1989).

The facts of the instant case are very similar to those presented in *Williams v. Williams,* 950 S.W.2d 919 (Mo.App. W.D. 1997). In *Williams,* the parties separated after a long marriage and later the husband filed a petition for dissolution of marriage. *Williams,* 950 S.W.2d at 921. The husband in *Williams* attempted to serve his wife at her brother's residence in Lee Summit, Missouri, but the summons was returned "non-est." *Id.* The husband's attorney filed an affidavit stating that the wife's "whereabouts were unknown to

raise the point, as her motion clearly states she was filing the motion pursuant to Rule 74.05 and Rule 74.06. Moreover, she indicates later in the motion that Husband "failed to make any serious inquiry as to [Wife's]

whereabouts." A judgment entered against a party without proper service on that party is void for lack of jurisdiction. *O'Hare v. Permenter,* 113 S.W.3d 287, 289 (Mo.App. E.D. 2003)

[husband]." *Id.* Notice was published shortly thereafter in the newspaper. *Id.*

Relying on an earlier case, the *Williams* court held that, "an honest and reasonable effort be made to locate a defendant for personal service before service by publication may be utilized." *Id.* at 923. The court found that there must be "substantial basis" in the evidence to conclude the party made "an honest and reasonable effort" to personally serve the other party. *Id.* In *Williams,* the court found no substantial basis in the record that the husband made any honest and reasonable efforts to personally serve the wife by pointing to the fact that the parties had children who maintained contact with both parents. *Id.* at 923–24. The court found that the husband could have asked his daughter where to find the wife but made no such effort. *Id.*

Here, Husband made no attempt to contact Wife through any of the children. In particular, the record shows that their daughter could have contacted Wife about the pending dissolution because she had Wife's phone number. Additionally, Husband made no attempt to contact his mother-in-law whose number and address he knew for the purpose of contacting her to inquire about Wife. Husband did not present any evidence that he made any serious efforts to locate Wife.

Based on our review of the record, Husband failed to strictly comply with Rule 54.12 in that he failed to file a verified statement when requesting to serve Wife by publication. Moreover, just as the husband in *Williams,* Husband in the instant case failed to make an honest and reasonable effort to personally serve Wife before he filed a motion requesting a court order for service by publication. Point granted.

### Conclusion

The trial court had no jurisdiction to enter a judgment and decree of dissolution of marriage as Wife was not properly served with the summons for the petition for dissolution of marriage. The order denying Wife's motion to vacate or set aside the judgment of dissolution is reversed and remanded to the trial court with directions to set aside the default judgment in accordance with Rule 74.06.