Craig P. KISER, Respondent,

v.

William WIDEMAN, Sr., James C. Wideman, and Paradise Fiberglass Pools, LLC, Appellants.

No. ED 98662.

Missouri Court of Appeals, Eastern District, Division Three.

June 28, 2013.

Kevin M. Whiteley, Clayton, MO, for appellants.

Frank W. Kriegel, Jr., St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

William Wideman, Sr., James Wideman, ("the Widemans") and Paradise Fiberglass Pools, LLC appeal from the trial court's entry of a default judgment in favor of Craig Kiser ("Homeowner"). The Widemans and Paradise Fiberglass Pools, LLC make several arguments regarding the trial court's failure to set aside the default judgments against them. In addition, the Widemans and Paradise Fiberglass Pools, LLC contend the trial court plainly erred in failing to immediately recuse itself *sua*

1. Paradise Fiberglass Pools, Inc. was administratively dissolved. However, Homeowner alleged the Widemans continued to do business under that name. Paradise Fiberglass Pools, LLC was a newly created Missouri

*sponte* from hearing the cause. We dismiss in part and reverse and remand in part.

■ Homeowner entered into a contract with the Widemans, doing business as Paradise Fiberglass Pools, Inc.,[1] for the construction of an in-ground swimming pool at his home. Subsequently, there were problems with the project, which ultimately rendered Homeowner's retaining wall and in-ground swimming pool valueless causing him significant damages.

Thus, on October 7, 2010, Homeowner filed suit against the Widemans and Paradise Fiberglass Pools, LLC. Homeowner alleged the Widemans and Paradise Fiberglass Pools, LLC, acting directly or through their agents and employees, negligently and carelessly destroyed the "geogrid" system, which had previously been installed in Homeowner's backyard as part of a complex retaining wall system. As a result of this negligence, Homeowner alleged he sustained over $110,000 in damages because his retaining wall and in-ground swimming pool were rendered valueless. Homeowner also alleges the assets of Paradise Fiberglass Pools, Inc. have been transferred to Paradise Fiberglass Pools, LLC in an effort to thwart creditors of the Widemans. The case was assigned to Judge John Ross.

The Widemans and Paradise Fiberglass Pools, LLC did not file an answer or otherwise respond to the petition within thirty days. On April 26, 2011, the trial court entered an interlocutory order of default stating, "[m]ore than thirty days having passed since the date of service, default and inquiry granted against the Defendants William Wideman, Sr., William

limited liability company and was the successor to the proprietorship operated by the Widemans under the name Paradise Fiberglass Pools, Inc.

Wideman, Sr., Vice–President of Paradise Fiberglass Pools, LLC and James Wideman."

On May 16, 2011, the trial court held a hearing on damages, and the Widemans appeared *pro se*. The trial court deferred its ruling on the final default judgment until June 17, 2011. In deferring its ruling on entering a final default judgment, the trial court stated to the Widemans: "You are in default. You can file whatever motion you want to file. I'm giving you 30 days to file whatever you want to file."

On June 3, 2011, the Widemans filed a "Notice of Motion to Set Aside Default Judgment," arguing, among other things, that the personal liability incurred by them while Paradise Fiberglass Pools, Inc. was administratively dissolved was extinguished when Paradise Fiberglass Pools, Inc. was reinstated. Therefore, they could not be held personally liable. The Widemans also averred that they could not afford a lawyer and apologized to the trial court for missing deadlines due to their lack of knowledge of the judicial system. Thus, they requested the trial court set aside the default judgment against them personally.

On June 17, 2011, the trial court entered a default judgment against Paradise Fiberglass Pools, LLC for $89,381.00 plus costs. The trial court also denied the Widemans' motion to set aside the interlocutory order of default as premature, but granted the Widemans leave to file an answer to Homeowner's petition no later than June 24, 2011.[2]

On June 23, 2011, the Widemans filed an answer to Homeowner's petition. In their answer, they alleged Paradise Fiberglass Pools, Inc. had been incorporated in Illinois in 1999 and was in good standing when the contract and work were performed for Homeowner. Thereafter, Paradise Fiberglass Pools, Inc. was administratively dissolved by the State of Illinois in June 2009. However, Paradise Fiberglass Pools, Inc. was later brought back into good standing in Illinois. The Widemans further alleged when excavating for the pool, the top couple of rows of "geogrid" fell into the hole, but were restored to their original condition once the pool shell was installed. In addition, they noted the retaining wall was "kicking out" at the bottom due to improper installation, which was unrelated to the work they did to restore the top couple of rows. Lastly, they alleged no assets of Paradise Fiberglass Pools, Inc. have ever been transferred to Paradise Fiberglass Pools, LLC for the purpose of hindering, delaying, or defrauding its creditors.

On February 14, 2012, the trial court[3] entered another judgment denying the Widemans' motion to set aside interlocutory order of default, concluding the Widemans failed to show "good cause" to set aside the interlocutory default under Rule 74.05. The trial court then entered a judgment in favor of Homeowner and held the Widemans jointly and severally liable to Homeowner for $89,381 plus costs.

The Widemans filed a motion for new trial, contending they had not been afforded a hearing on their answer to Homeowner's petition. The Widemans also filed

---

2. We note the trial court's judgment actually gives the Widemans until "June 24, 2010" to file their answer, but that judgment was entered June 17, 2011. Further, Homeowner's original petition was filed October 7, 2010. Thus, the trial court mistakenly wrote 2010 rather than 2011.

3. While the case had previously been handled by Judge John Ross, it was transferred to a new judge, Judge Steven Goldman, beginning with the hearing on February 14, 2012.

a motion to set aside the final default judgment. In that motion, the Widemans noted the trial court granted the Widemans leave to file an answer to Homeowner's petition. In addition, the Widemans contended at the time of the court's February 14, 2012 denial of the Widemans' motion to set aside interlocutory order of default, there was no motion pending because it had been denied as premature. The trial court denied both of these motions on March 14, 2012.

On March 30, 2012, the Widemans filed a motion for change of judge, alleging they had been prejudiced by *ex parte* communications. On April 4, 2012, the trial court entered an order recusing itself due to the allegations in the Widemans' motion for change of judge.

On April 20, 2012, the Widemans filed a motion for a new trial and to vacate the trial court's February 14, 2012 judgment and March 14, 2012 judgment. On May 4, 2012, the trial court overruled both motions for lack of jurisdiction. This appeal follows.

Initially, we note while Paradise Fiberglass Pools, LLC is listed as an appellant on the notice of appeal, it was not a party to the Widemans' June 3, 2011 motion to set aside the default judgment below. In addition, Paradise Fiberglass Pools, LLC was not a party to the Widemans' March 8, 2012 motion for a new trial or motion to set aside the default judgment. Because it did not participate and no one purported to represent it, Paradise Fiberglass Pools, LLC did not preserve anything for appellate review. Thus, we dismiss its appeal and find the default judgment entered on June 17, 2011 remains in effect with respect to Paradise Fiberglass Pools, LLC.

■ In their first point, the Widemans argue the trial court erred in denying their motion to set aside the interlocutory default judgment filed on June 3, 2011 because it was not premature in that: (a) the trial court entered an interlocutory order of default against the Widemans; (b) Rule 74.05(d) permits an interlocutory of default to be set aside upon the filing of a motion; (c) the Widemans filed a motion to set aside the interlocutory order of default; and (d) the Widemans' motion was a proper motion as contemplated by the rules.

■ A decision on a motion to set aside a default judgment under Rule 74.05 is reviewed for abuse of discretion. *Rosemann v. Rosemann*, 349 S.W.3d 468, 471 (Mo.App. E.D.2011). There is, however, a strong preference for deciding cases on the merits and against resolving litigation by default. *Id.* Consequently, courts have broader discretion when sustaining a motion to set aside a default judgment than when overruling such a motion. *Id.* Public policy favors resolution of cases on the merits and default judgments are regarded with distaste. *Id.*

Rule 74.05(b) provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, an interlocutory order of default may be entered against that party. After entry of an interlocutory order of default, a default judgment may be entered." Then subsection (d) of the same rule provides in relevant part "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, ... an interlocutory order of default may be set aside."

In this case, the Widemans contend their motion to set aside the interlocutory order demonstrated a meritorious defense. In particular, they contended in their motion they could not be held personally liable because they were shielded by the corporate form. In particular, the Widemans maintained an employee had embezzled from Paradise Fiberglass Pools, Inc.

and failed to pay annual fees, which led to the corporation being involuntarily dissolved by the State of Illinois. Subsequently, the Widemans managed to get Paradise Fiberglass Pools, Inc. reinstated, but they claimed they could not be held personally responsible for liabilities incurred while the corporation was administratively dissolved. In addition, the Widemans argue they established "good cause" for their failure to timely respond. In particular, the Widemans contended they could not afford an attorney due to the losses they incurred as a result of the embezzling employee. Further, they apologized for their failure to respond and maintained they did not have knowledge of the judicial system.

We need not reach the question of whether the Widemans filed a verified motion or established a "meritorious defense" and "good cause" here. It is clear the procedure, the various motions and orders, as well as the change in judges led to confusion in this case. However, we find because of the trial court's orders, the Widemans did not need to file a verified motion to show a "meritorious defense" and "good cause" for failing to file their initial answer. The root of the problem is the trial court's June 17, 2011 order denying as premature the Widemans' motion to set aside the interlocutory default judgment, but then granting them leave to file an answer to Homeowner's petition no later than June 24, 2011.

When the Widemans filed their answer on June 23, 2011, the trial court evaluated it on February 14, 2012 as though it was a motion to set aside the interlocutory default judgment, a motion, which, as noted above, includes certain pleading requirements, including "meritorious defense" and "good cause." At the February 14, 2012 hearing, the trial court noted "I assume [Judge Ross] was waiting to see in the answer if there would be good cause for [not filing an answer initially]." However, Judge Ross had already denied the Widemans' motion to set aside the interlocutory default judgment as premature and granted them leave to file an answer.

The Widemans' motion to set aside the interlocutory default judgment was not premature, as the trial court acknowledged in stating on May 16, 2011: "You are in default. You can file whatever motion you want to file." When one is in default, Rule 74.05(d) provides one can file a motion to set aside an interlocutory order of default. This is precisely what the Widemans did. The next thing that happened was the trial court found their motion to set aside the interlocutory default judgment was premature and granted them leave to file an answer. Thus, it was understandable that the Widemans would file an answer to Homeowner's petition, rather than see the need to show "good cause" for not previously filing an answer. The Widemans did in fact file a timely answer on June 23, 2011.

A trial court's entry of a default judgment and subsequent denial of a motion to set aside must be reversed, regardless of whether the defendant shows good cause and a meritorious defense, if the defendant has filed a timely answer. *Everest Reinsurance Co. v. Kerr*, 253 S.W.3d 100, 104 (Mo.App. W.D.2008). This is because, if the defendant filed an answer in a timely fashion, the Rule 74.05(d) test for setting aside the default judgment is inapplicable, because the default judgment was improper in the first place. *Id.*

Therefore, we find the trial court erred in denying the Widemans' motion to set aside the interlocutory default judgment. Further, the trial court granted the Widemans' an extension of time to file answer. Thus, the Widemans were no longer in default, and the Widemans filed a timely

response to Homeowner's petition on June 23, 2011. Point granted.

We will address the Widemans' second and third points together. In their second point, the Widemans argue the trial court erred in entering the February 14, 2012 default judgment because a default judgment under Rule 74.05 was impermissible in that (a) Rule 74.05(a) authorizes a court to enter a default judgment against a party when such party has failed to plead or otherwise defend; (b) the trial court granted leave to the Widemans to file their answer to Homeowner's petition on or before June 24, 2011; (c) the Widemans filed a response to Homeowner's petition on June 23, 2011; and (d) the Widemans' response was a proper answer as contemplated by the rules. In their third point, the Widemans argue the trial court erred in denying their March 8, 2012 motion to set aside the default judgment because the trial court lacked authority to enter a default judgment in that (a) the Widemans filed a timely answer to Homeowner's petition; (b) the trial court entered a default judgment against the Widemans; (c) Rule 74.06(b) permits a judgment to be set aside as irregular and void upon the filing of a motion; and (d) the Widemans' timely filed a motion to set aside the judgment. We agree on both counts.

Because we have found the Widemans filed a timely answer to Homeowner's petition on June 23, 2011, we find the trial court erred in entering the February 14, 2012 default judgment and in denying their March 8, 2012 motion to set aside the default judgment. Points granted.

■ In their fourth point, the Widemans argue the trial court plainly erred in failing to immediately recuse itself *sua sponte* from hearing the cause because the trial court held an improper *ex parte* communication occurred in that (a) the communication was with Homeowner's counsel in chambers and outside the presence of the Widemans, who were *pro se;* (b) the communication was in violation of Rule 2–2.9 of the Code of Judicial Conduct; (c) the communication creates the appearance of impropriety; (d) the appearance of impropriety requires recusal under Rule 2–2.11 of the Code of Judicial Conduct; (e) the failure of the trial court to immediately recuse itself before entry of judgment was plain error; and (f) the error causes manifest injustice and miscarriage of justice.

■■ The Widemans acknowledge this point has not been previously raised. Unpreserved claims of error in civil cases are reviewed only for plain error, and at this court's discretion. *Lambert v. Warner,* 379 S.W.3d 849, 855 (Mo.App. E.D.2012). We will reverse for plain error in civil cases only under circumstances where the error causes injustice so egregious as to weaken the very foundation of the judicial process and seriously undermine confidence in the outcome at trial. *Id.*

In this case, the Widemans allege Judge Goldman engaged in *ex parte* communications with Homeowner's attorney for at least forty minutes. Judge Goldman responded to the Widemans' allegations in his April 4, 2012 order. Judge Goldman stated he "had no more than a five minute discussion with [Homeowner's] attorney [on February 14, 2012] and did not discuss the merits of the case with him other than to ask the attorney if the default judgments still existed." Further, Judge Goldman recused himself in his April 4, 2012 order due to the allegations in the Widemans' motion for change of judge.

The Widemans have prevailed on their first three points. Further, Judge Goldman recused himself. Thus, any possible prejudice they experienced from the alleged *ex parte* communications is moot. Thus, we decline to exercise our discretion

to review this point for plain error. Point denied.

The judgment of the trial court entering an interlocutory order of default and a final default judgment are reversed and the cause is remanded for further proceedings. Paradise Fiberglass Pools, LLC's appeal is dismissed.

ROY L. RICHTER, and ANGELA T. QUIGLESS, JJ., concur.