Lisa P. Page, Presiding Judge
Alberto Reinaldo Rosas ("Father") appeals the judgment of the trial court, granting in part and denying in part Maria Ximena Lopez's ("Mother") motion to modify child support. We affirm.
BACKGROUND
In June 2003, the parties were Pennsylvania residents but dissolved their marriage by consent in Colombia. The Colombian dissolution decree awarded Mother physical custody of their minor child ("Child") and child support for ten months per year. Father was awarded reasonable visitation and child support two months per year. The parents were awarded joint legal custody. Father subsequently relocated to St. Louis, Missouri.
On June 30, 2011, with Mother's consent, Father first invoked the jurisdiction of Missouri courts when he registered the 2003 Colombian dissolution decree in the City of St. Louis Circuit Court. Father then filed a motion to modify in order to facilitate his work-related relocation to England with Child. On July 25, 2011, the court entered its consent modification judgment ("Consent Judgment") which awarded Father sole legal and sole physical custody of Child. Neither party was ordered to pay child support to the other.[1]
On December 11, 2012, Father filed a second motion to modify Mother's visitation rights. In response, and in spite of her prior consent, Mother filed a motion to set aside the Consent Judgment alleging the court previously lacked jurisdiction pursuant to Section 452.740 RSMo (2016) of the Uniform Child Custody Jurisdiction and Enforcement Act because both parties falsely asserted Child resided in Missouri for six months prior to Father filing his modification. The court agreed with Mother. On March 8, 2013, the court held "there was no statutory authority ... to enter a Motion to Modify on the Foreign Judgment" and declared the July 25, 2011 Consent Judgment void. In April 2013 Mother took custody of Child and relocated to Colombia, where they currently reside.
However, the parties continued to file a dizzying array of litigation in Missouri. On August 25, 2013 and July 7, 2014, Father filed motions to quash income withholding orders. On September 4, 2013, he filed a motion to determine amounts due and owing. Father relocated to Missouri on September 13, 2013. On October 20, 2014, Mother filed her motion to modify child *623 support. Father filed a motion to dismiss Mother's modification "for lack of jurisdiction" in spite of all of his own pending litigation. Moreover, he subsequently filed motions to determine amounts due and owing and for contempt on July 28, 2015.[2]
On January 19, 2016, the trial court heard all motions together. Mother's motion to modify was granted in part and denied in part as was Father's motion to determine amounts due and owing. Father's motion for contempt was denied. The court ordered each parent to pay half of the costs for Child to attend a vocational or technical school, college or university, or junior college. Additionally, the court ordered Father to pay Mother $1,586.00 per month for child support, finding the Civil Procedure Form No. 14 calculation was unjust and inappropriate. The present appeal follows.
DISCUSSION
Father submits three points on appeal, contending the trial court erred in: (I) denying Father's motion that the court lacked jurisdiction under the Uniform Interstate Family Support Act ("UIFSA")[3] ; (II) including private school tuition in Mother's award; and (III) failing to specify whether the judgment modified Child's age of emancipation.
Standard of Review
Our review of a modification judgment is limited to whether it is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or misapplies the law. Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976) ; Nichols v. Nichols , 14 S.W.3d 630, 634 (Mo. App. E.D. 2000). The evidence, and all reasonable inferences therefrom, is viewed in the light most favorable to the judgment. Id.
I
In his first point, Father argues the trial court erred in reaching the merits of Mother's motion to modify because the court "lacked jurisdiction" to modify under UIFSA. Father also argues the original divorce decree's choice of law provision precludes Missouri courts from adjudicating Mother's motion to modify.[4] We disagree.
*624 Jurisdiction is absolutely not at issue in this case. Missouri courts recognize only two types of jurisdiction: personal jurisdiction and subject matter jurisdiction. J.C.W. ex rel. Webb v. Wyciskalla , 275 S.W.3d 249, 252 (Mo. banc 2009). It is unquestioned that Missouri courts have personal jurisdiction over "persons within the state." Id. at 253 Subject matter jurisdiction of Missouri courts is provided in Article V, Section 14, which establishes that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." Id. at 253-54 (emphasis in original).
The Wyciskalla court rejected a third concept, jurisdictional competence, which "often is confused with subject matter jurisdiction." Id. at 254. The Court explained, "[w]hen a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant." Id. at 255. Accordingly, "analyzing the UIFSA in terms of 'subject matter jurisdiction' " is no longer appropriate "in light of our Supreme Court's recent holding in [ Wyciskalla ]." Ware v. Ware , 337 S.W.3d 723, 725-26 (Mo. App. E.D. 2011). It is more appropriate to view statutory jurisdictional language in terms of authority, which may be waived. See id. at 726.
Pursuant to UIFSA, child support is subject to a one-order system, whereby only one state's child support order governs at any given time. Lunceford v. Lunceford , 204 S.W.3d 699, 702 (Mo. App. W.D. 2006). By providing a single tribunal with continuing exclusive jurisdiction to establish or modify the support order, UIFSA seeks to avoid problems that arise from multiple orders in multiple states. Id. If the issuing state-here Colombia-has continuing exclusive jurisdiction a Missouri court may modify the out-of-state child support order only after the order is registered in Missouri and the requirements of Section 454.973 are met. Section 454.973 provides, in pertinent part:
(a) After a child support order issued in another state has been registered in this state ... the responding tribunal of this state may modify that order only if, after notice and hearing, it finds that:
....
(2) an individual party or the child is subject to the personal jurisdiction of the tribunal and all of the individual parties have filed a written consent in the issuing tribunal providing that a tribunal of this state may modify the support order and assume continuing, exclusive jurisdiction over the order.
The comment to the corresponding uniform act notes, "In sum, the section contemplates that mutual agreement of the parties to submit themselves to the continuing, exclusive jurisdiction of another tribunal is sufficient to accomplish that goal." Unif. Interstate Family Support Act § 611, cmt. (1996). See also Unif. Interstate Family Support Act § 205 cmt. (1996) (noting that an issuing state may "lose its continuing, exclusive jurisdiction to modify if the parties consent in writing for another state to assume jurisdiction to modify (even though one of the parties or the child continues to reside in the issuing state).").[5]
In the present case, it is clear the trial court had subject matter and personal jurisdiction. This case is civil, therefore, the circuit court had subject matter jurisdiction.
*625 Wyciskalla , 275 S.W.3d at 254. Father was subject to personal jurisdiction as a Missouri resident when Mother filed her motion to modify, and it was Father (with Mother's consent) who initially invoked the jurisdiction of Missouri courts. Furthermore, Colombia lost its "continuing exclusive jurisdiction" when the parties mutually agreed to register the Colombia decree in Missouri and filed their Consent Judgment which modified child support and custody. Thus, Missouri acquired continuing exclusive jurisdiction for child custody and support issues. Therefore, it is indisputable the trial court had "jurisdiction" and "authority" over Father and this claim pursuant to UIFSA.
Moreover, we find Father's tardy assertion of UIFSA as a defense unpersuasive. Litigants can waive defenses under UIFSA. See Hightower v. Myers , 304 S.W.3d 727, 733 (Mo. banc 2010) (holding claims under UIFSA can be waived); see also Ware , 337 S.W.3d at 726 ("Mother failed to timely raise her claims regarding the alleged failure to comply with UIFSA. Accordingly, Mother's claims are not preserved, and she is not entitled to relief."). Father has acquiesced to any child support modification rendered by the trial court by his continued presence in Missouri and, more persuasively, his consistent litigation in Missouri courts. He registered the Colombian decree, modified his child support and custody and later filed his second motion to modify and motions to quash income withholding, contempt and to determine amounts due and owing. By Father's choice, litigation continued in Missouri for more than three years prior to Mother's motion to modify. Father did not raise any deficiency under UIFSA during that period of time. Therefore, Father waived any potential defense concerning Mother's failure to comply with UIFSA. See Ware , 337 S.W.3d at 726.
The trial court had both personal and subject matter jurisdiction. By the parties' consent and Father's continued litigation in Missouri Father waived any potential defense which may have been available under UIFSA. Father's first point is denied.
II
Father's second point on appeal asserts the trial court erred in including private school tuition in Mother's child support award. Specifically, he argues Mother did not prove private school attendance was "educationally necessary" and the court "did not have authority under UIFSA" to order Father to contribute to private school.
Private school costs are an appropriate factor in awarding child support, and private school tuition may be a valid item of support. Dachsteiner v. Dachsteiner , 894 S.W.2d 248, 250 (Mo. App. E.D. 1995). We must defer to a trial court's discretion in ruling on child support unless the evidence is "palpably insufficient to support it." Busken v. Busken , 878 S.W.2d 78, 80 (Mo. App. E.D. 1994).
Assuming, arguendo , the trial court did include school expenses in its award,[6] we find no abuse of discretion. The court found a substantial change in circumstances since the original 2003 decree. Moreover, Father testified Child should attend private school but then dichotomously objected to the cost of tuition. The court found Child's school is the only school in Bogotá, Colombia endorsed by the United States Embassy and both Mother and Father attended said school. Mother also presented evidence, which the court accepted, concerning the costs of tuition and additional benefits provided by the school. The evidence presented is sufficient to support the trial court's award.
*626 See Leslie v. Leslie , 948 S.W.2d 458, 462 (Mo. App. W.D. 1997) (holding custodial mother's testimony was sufficient to support the court's award of tuition when the court could reasonably conclude that private school would meet the child's particular educational needs).
Given the specific findings and the deference we accord the trial court we hold the court did not abuse its discretion. Father's second point is denied.
III
In Father's third and final point on appeal he asserts the trial court erred because the court did not specify whether Child's age of emancipation had been modified. Father claims the court's order contained provisions requiring Father to contribute to Child's college expenses, thus the court must have erroneously extended Child's age of emancipation.
The court's order did not explicitly modify Child's date of emancipation, which is not set forth in either the Colombia dissolution or the first modification. Father cites no case law supporting his contention that an order for college expenses, by operation of law, modifies a child's emancipation age. Father's allegation of error is speculative and is more appropriately addressed by a motion to terminate Father's child support obligation when Child reaches his age of emancipation.
Accordingly, Father's third point is denied.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
Roy L. Richter, J., and Philip M. Hess, J., concur.

We note in this modification proceeding Father pled the Colombian dissolution decree did not award child support to either party in contrast to his subsequent motion to determine amounts due and owing, where he pled "[Father] is ordered to pay child support to [Mother] ten (10) months out of each year and [Mother] is ordered to pay child support to [Father] two (2) months out of the year."

In December 2015, after Mother's motion to modify was filed but prior to trial, Father relocated to the state of Washington.

References to Missouri's UIFSA statutes (UIFSA 1997), Sections 454.850 to 454.999, are to RSMo 2000. While these statutes have been recently repealed and replaced by Sections 454.1500 to 454.1730 (UIFSA 2008), the provisions of the 1997 act were in effect during all relevant times. See Section 454.849 ("The repeal of sections 454.850 to 454.999 shall become effective June 15, 2016."). See , e.g. , Dandurand v. Underwood , 332 S.W.3d 907, 911 (Mo. App. W.D. 2011) ("All cases filed or received in Missouri after January 1, 1997 will be governed by the provisions of UIFSA, [not URESA-the prior interstate support law,] and sections 454.850 to 454.980 shall apply.").

Father claims because the 2003 Colombian divorce decree states child support will be subject to the laws in effect where Mother and Child reside, Missouri should not have heard Mother's motion to modify. This argument is clearly separate and distinct from Father's argument regarding application of UIFSA. Distinct claims must appear in separate points to be preserved for appellate review. Day v. Hupp , 528 S.W.3d 400, 412 (Mo. App. E.D. 2017), Rule 84.04. This court could exercise its discretion if this were the claim's sole deficiency. See Day , 528 S.W.3d at 412. However, Father's argument is merely one two-sentence paragraph which cites to no legal authority. If an appellant fails to support a contention with legal authority, or in the absence of authority explain none is available, the point is considered abandoned. 8182 Maryland Assoc. v. Lurie , 949 S.W.2d 150, 151 (Mo. App. E.D. 1997). Thus, we find his argument abandoned.

Comments to the Uniform Interstate Family Support Act are entitled to "great weight." Matter of Nocita , 914 S.W.2d 358, 359 (Mo. banc 1996). Additionally, when "construing uniform and model acts enacted by the General Assembly, we must assume it did so with the intention of adopting the accompanying interpretations placed thereon by the drafters of the model or uniform act." Id.

Mother contests this point.