

# In the
# Missouri Court of Appeals
# Western District

ERIKA JOHNSON,

                **Appellant,**

v.

ZJOHN RILEY,

                **Respondent.**

**WD81730**

**OPINION FILED:**

**April 16, 2019**

---

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Sandra Midkiff, Judge**

**Before Division Four:  Karen King Mitchell, Chief Judge Presiding,**
**Mark D. Pfeiffer, and Thomas N. Chapman, Judges**

Erika Johnson appeals from the judgment of the circuit court, challenging the circuit court's modification of custody and child support.  For the reasons explained herein, we reverse the circuit court's judgment modifying child custody and child support.

### Facts & Procedure

Erika Johnson (Mother) and Zjohn Riley (Father) have one son together, E.J.R. (born June 22, 2006).  In April of 2008, an administrative order was entered requiring Father to pay child support to Mother in the amount of $2.00 per month (Father was incarcerated at the time).

In April of 2015, Mother filed a Petition to Determine Paternity, Custody, and Child Support.  On March 30, 2017, the circuit court entered an "Order and Judgment of Default for

Petition for Determination of Father Child Relationship, Child Custody, and Modification of Child Support" (Original Judgment). In its judgment, the circuit court determined that a substantial and continuing change of circumstances had occurred since the entry of the original child support order, and ordered Father to pay support in the amount of $307.00 per month.[1] Mother was awarded sole legal and physical custody of E.J.R., and Father was allowed to make arrangements for supervised visitation.

In August of 2017, Father filed his Motion to Modify (the instant action), requesting that the parties be granted joint legal and physical custody of their minor child. In December of 2017, Father filed a Request for Service by Publication; and notice was published for four consecutive weeks, beginning on January 5, 2018. Mother did not file an Answer to Father's Motion to Modify and did not appear at trial.

At trial, on March 16, 2018, Father submitted a proposed parenting plan and a Form 14 into evidence, and testified that he wanted to be able to see E.J.R. and wished to share joint legal and physical custody with Mother. In its judgment, the circuit court ordered that the parties would share joint legal and physical custody of E.J.R., that Mother's residence would be E.J.R.'s residence for mailing and educational purposes, and that Father would have unsupervised parenting time.[2] The circuit court modified Father's child support downward to the presumed

---

[1] The circuit court found that circumstances had changed in that, since the entry of the original support order, Father had been released from prison and was found to be "able-bodied and capable of earning a living." Father's modified child support obligation ($307.00 per month) was the presumed amount of support as calculated pursuant to RSMo 452.340.1, Rule 88.01, and Form 14.

[2] The circuit court's parenting plan ordered that Father would have parenting time with E.J.R. every other Monday evening until Tuesday evening; every other Wednesday evening until Thursday evening; every other weekend, from Friday evening until Sunday evening; and for alternating holidays and school breaks.

level of $188.00 per month.[3]  Father's child support payments were in arrears at the time of trial, and the circuit court ordered him to pay an additional $25.00 per month (for a total of $213.00 per month) until he satisfied the full amount of the arrearage ($700.78).[4]

Mother timely appeals.

### *Discussion*

Mother raises three points on appeal.  In her first point, Mother argues that the circuit court erred in granting Father joint legal and physical custody "in that [Father] did not provide evidence that there were substantial and continuing changes in circumstances warranting a change in custody."  Mother argues in her second point that the circuit court erred in modifying the child support order set forth in the Original Judgment because there was insufficient evidence of a substantial and continuing change in circumstances that would render the prior award unreasonable.  In her third point, Mother argues that Father's notice of service by publication was defective and that the circuit court therefore did not acquire personal jurisdiction over Mother.

---

[3] The circuit court stated at trial that Mother "failed to answer or appear and is in default."  "The direct appeal of a default judgment is not permitted." *Leonard v. Leonard*, 112 S.W.3d 30, 37 (Mo. App. W.D. 2003).  However, this Court has recognized that a party is not in default for failing to file a responsive pleading when a responsive pleading is not required. *Schwermer v. Schwermer*, 350 S.W.3d 460, 463 (Mo. App. W.D. 2011).  A motion to modify does not require a responsive pleading and failure to file one does not merit default (even when combined with a failure to appear at trial). *Cramer v. Carver*, 125 S.W.3d 373, 376 (Mo. App. W.D. 2004).  While the circuit court orally described Mother as being "in default," its Amended Judgment of Modification is not styled as a default judgment and makes no mention of Mother's default.  The Court "typically disregard[s] a trial court's oral statements made in ruling on an issue," *Matter of Fulton*, 863 S.W.2d 931, 933 (Mo. App. W.D. 1993), and "[i]t is black-letter law that 'trial judges are presumed to know the law and to apply it in making their decisions.'" *Jaco v. Jaco*, 516 S.W.3d 429, 438 (Mo. App. W.D. 2017) (quoting *State v. Amick*, 462 S.W.3d 413, 415 (Mo. banc 2015)).  The circuit court's Amended Judgment of Modification was a judgment on the merits and is properly appealable. *Cramer*, 125 S.W.3d at 376.

[4] The Judgment of Modification entered on March 16, 2018, included some handwritten language regarding payment of Father's child support arrearage.  The Amended Judgment of Modification entered on March 30, 2018, clarified Father's obligation to pay the arrearage, but is otherwise identical to the Judgment of Modification.

Because it presents a threshold issue, we begin by addressing Mother's third point on appeal. "[A] circuit court's determination of personal jurisdiction is a legal conclusion … subject to a de novo review on appeal." *Peoples Bank v. Frazee*, 318 S.W.3d 121, 127 (Mo. banc 2010) (internal citation omitted).

Mother argues that the notice of service by publication in this matter was defective because (1) it did not adequately describe the nature of the action commenced by Father, and (2) it did not provide Father's attorney's name. *See* Rule 54.13(c)(3).[5] Absent a showing to the contrary, this Court must presume that the circuit court had jurisdiction over both the subject matter of the present action and the parties. *Ray v. Ray*, 50 S.W.2d 142, 144 (Mo. 1932) ("The presumption in favor of the jurisdiction of a court of general jurisdiction is conclusive and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record.").

In the instant case, Mother has not included the notice of service by publication in the record on appeal. The Court obviously cannot assess the sufficiency of a notice that is not properly before it. *See Lake Tishomingo Prop. Owners Ass'n v. Klein*, 872 S.W.2d 569, 570 (Mo. App. E.D. 1994) (noting that "there is nothing for [an appellate court] to review" when evidence necessary for the determination of a particular issue is not included in the record on

---

[5] Rule 54.12(c)(3) provides as follows:

> The notice shall state: (A) that an action has been commenced; (B) briefly the object and general nature thereof; (C) a description of any property to be affected; (D) the name of the court and the names of the parties to the civil action; (E) the name and address of the attorney, if any, for plaintiff, otherwise the plaintiff's address; (F) that judgment by default will be entered against defendant unless the defendant files an answer or other pleading or otherwise appears and defends within forty-five days after the date of the first publication, or such longer time as the court may fix by order; and (G) the date of the first publication.

"'When service is sought by means of constructive notice, strict compliance with the statute and rule allowing service by publication is required.'" *Rosemann v. Rosemann*, 349 S.W.3d 468, 471 (Mo. App. E.D. 2011) (quoting *Miller v. Jonesburg State Bank*, 174 S.W.3d 79, 81 (Mo. App. E.D. 2005)). "'Defective or improper service by publication is the equivalent of no service at all.'" *Id.* (quoting *Miller*, 174 S.W.3d at 81). If proper service is not accomplished, the circuit court does not acquire jurisdiction and "any judgment rendered over a party is void." *Id.*

4

appeal). Mother has failed to provide a sufficient record on appeal to consider whether to upset the presumption in favor of jurisdiction. Point III is denied.

In Point I, Mother argues that the circuit court erred in modifying the parties' custodial arrangement because there was insufficient evidence of "substantial and continuing changes in circumstances warranting a change in custody." "Our standard of review in a custody modification case is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We will affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *In re McIntire*, 33 S.W.3d 565, 568 (Mo. App. W.D. 2000) (internal citation omitted).

Mother misstates the standard for modification. The change necessary to justify a modification of custody does not need to be "continuing." *McIntire*, 33 S.W.3d at 569. Further, "the change in circumstances that must be shown need not be 'substantial' where, as here, the modification ordered is from sole custody to joint custody." *Strobel v. Strobel*, 219 S.W.3d 295, 298 (Mo. App. W.D. 2007). Nevertheless, § 452.410.1[6] provides that "the court shall not modify a prior custody decree unless…it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, ***that a change has occurred in the circumstances of the child or his custodian*** and that the modification is necessary to serve the best interests of the child." (Emphasis added). "In all cases, the burden of proof is on the party seeking modification to show the required change in circumstances." *Clayton v. Sarratt*, 387 S.W.3d 439, 446 (Mo. App. W.D. 2013).

In his Motion to Modify, Father alleged that a change of circumstances requiring modification had occurred in the following respects:

---

[6] Statutory references are to RSMo 2016.

a. The [Original] Judgment was taken in default and [Father] was unable to plead otherwise.
b. [Father] would like parenting time with his minor child.
c. [Father] believes the judgment is unreasonable.

Even if true, these "changes" relate only to Father, and thus cannot constitute changes in circumstances within the meaning of § 452.410.1. *Rogers v. Rogers*, 923 S.W.2d 381, 383 (Mo. App. W.D. 1996) (noting that "change" contemplated by § 452.410.1 "must relate to the circumstances of the child or his custodian, not the noncustodial parent."); *see also In re Marriage of Eikermann*, 48 S.W.3d 605, 611 (Mo. App. S.D. 2001) (father's desire to "have some influence over [son's] life" did "not demonstrate a change of circumstances with regard to Mother or [son] which would support a change of custody."). No evidence was presented at the hearing on Father's Motion suggesting that Mother or E.J.R.'s circumstances had changed since entry of the Original Judgment.

The judgment of the circuit court modifying child custody was not supported by substantial evidence. Point I is granted.

For her second point on appeal, Mother argues that the circuit court erred when it reduced Father's child support obligation from $307.00 per month to $188.00 per month. Mother argues that there was no evidence presented of a substantial and continuing change of circumstances, and thus no basis for a modification of the award. *See* § 452.370. "This court will affirm the trial court's judgment regarding child support unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. In reviewing the record, this court views the evidence in the light most favorable to the trial court's judgment…." *McCandless-Glimcher v. Glimcher*, 73 S.W.3d 68, 72 (Mo. App. W.D. 2002) (internal citation omitted).

6

Prior to ordering an award of child support, the circuit court must consider "[t]he child's physical and legal custody arrangements, including the amount of time the child spends with each parent and the reasonable expenses associated with the custody or visitation arrangements…." § 452.340(5); *see also Straight v. Straight*, 195 S.W.3d 461, 466 (Mo. App. W.D. 2006) ("To some degree, custody, visitation, and child support are intertwined in every dispute between divorced parents."); Civil Procedure Form No. 14, Line 11 (allowing "[a]djustment for a portion of amounts expended by the parent obligated to pay support during periods of overnight visitation or custody.").

Our disposition with respect to the circuit court's modification of custody requires us to reverse its modification of child support as well. *In re Marriage of D.L.(B.)M.*, 783 S.W.2d 473, 476 (Mo. App. S.D. 1990) (holding that appellate court's reversal "on the issue of transfer of custody" also required reversal of circuit court's order concerning child support "and all other orders in the judgment that are inescapably intertwined with the transfer of custody order.").

Because the circuit court's modification of custody is not supported by substantial competent evidence and is reversed, and because the modification of child support is inescapably intertwined with the change in custody and parenting time, the order modifying child support must also be reversed. Point II is granted.

### *Conclusion*

The judgment of the circuit court is reversed.

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge

All concur.